IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, *et al.*,<br><br>        Plaintiffs,<br><br>  v.<br><br>JAMES CASTLE, *et al.*,<br><br>        Defendants.<br>_____/ | No. C 11-00896 SI<br><br>**PRELIMINARY INJUNCTION ORDER** |

On September 6, 2011, the Court granted plaintiffs *ex parte* motion for temporary restraining order ("TRO") to freeze the assets of the then-named defendants. This temporary restraining order was dissolved on September 13, 2011 against all defendants except James C. Castle and related entities owned, managed, or controlled by him: defendants CCTT Group, CJT Financial Group, OREPLEX LLC, and JTF Consulting LLC. During the September 13, 2011 hearing, plaintiffs' counsel informed the Court that the following assets were frozen:

- Two Bank of America accounts belonging to CCTT Group, one with a balance of $9,692, the other with approximately $45,000;
- One Bank of America account belonging to CJT Financial Group, with $272,900;
- One Bank of America account belonging to Oreplex International, LLC, with $1,100;
- One Bank of America account belong to JTF Consulting, LLC, with $83;

Hearing Tr., Sept. 13, 2011, 6:12-7:20.

On November 23, 2011, the Court granted plaintiff's motion for a preliminary injunction. In that Order, the Court stated:

> Plaintiffs are directed to submit to the Court a proposed form of Preliminary Injunction, consistent with this order, continuing the Asset Freeze of the accounts of CCTT, Oreplex, and CJT. The terms and conditions of the Preliminary Injunction shall be substantially similar to those of the TRO already in effect, and the document shall include the names, addresses and account identifiers for the accounts currently subject to freeze. Defendant Castle may seek judicial authorization to withdraw personal and/or legal expenses from the frozen business accounts, but any such petition must include evidence of his authorization to use business funds for personal purposes.

Order Granting Prelim. Injunct., Nov. 23, 2011 at 12. Plaintiffs have since submitted a proposed order, and defendant James Castle has submitted his objections and counter-proposal. Having considered the papers submitted by the parties, the terms of the preliminary injunction is as follows:

**I.     ASSET FREEZE**

**IT IS THEREFORE ORDERED** that Defendants Oreplex International, LLC, CCTT Group, CJT Financial Group, and JTF Consulting LLC are hereby restrained and enjoined from directly or indirectly, transferring, converting, selling, concealing, disbursing, spending, withdrawing, liquidating, encumbering, pledging, assigning or otherwise disposing of the Assets held in the following accounts:

- CCTT Group, Legal Order Processing, P.O. Box 54660, Los Angeles, CA 90054, Account No. xxxxxxxxxx2374;
- CCTT Group, Legal Order Processing, P.O. Box 54660, Los Angeles, CA 90054, Account No. xxxxxxxxxx3343;
- CJT Financial Group, Legal Order Processing, P.O. Box 54660, Los Angeles, CA 90054, Account No. xxxxxxxxxx3370;
- Oreplex International, LLC, Legal Order Processing, P.O. Box 54660, Los Angeles, CA 90054, Account No. xxxxxxxxxx1123; and
- JTF Consulting LLC, Legal Order Processing, P.O. Box 54660, Los Angeles, CA 90054, Account No. xxxxxxxxxx9110;

**IT IS FURTHER ORDERED** that any financial institution, broker, dealer, or escrow agent having possession, custody or control of the Assets described hereinabove, hold and retain within its control and prohibit the transfer, encumbrance, pledge, hypothecation, assignment, removal, withdrawal, disbursement, conversion, sale, gift, or other disposal of any such Asset,

in whole or in part, except for transfers or withdrawals authorized by further order of this Court.

## II. SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Preliminary Injunction Order may be served by any means, including electronic or facsimile transmission, upon any financial institution or other entity or person that may have possession, custody, or control of the Assets described hereinabove or any Documents evidencing ownership of such Assets.

## III. SCOPE OF ORDER

**IT IS FURTHER ORDERED** that nothing in this Preliminary Injunction precludes Plaintiffs from moving to expand the scope of this Order to include additional defendants or assets upon a proper showing to the Court on noticed motion.

## IV. PERSONAL AND LIVING EXPENSES

Defendant Castle may seek judicial authorization to withdraw personal and/or legal expenses from the frozen business accounts, but any such petition must include evidence of his authorization to use business funds for personal purposes

## V. UNDERTAKING

**IT IS FURTHER ORDERED** that this preliminary injunction shall not be effective until and unless Plaintiffs file an undertaking with the Clerk of this Court in the amount of $10,000. The plaintiffs may affirm with the Clerk that the bond posted for the TRO is to be used as bond for this preliminary injunction.

**IT IS SO ORDERED.**

Dated: December 5, 2011

_Susan Illston_
SUSAN ILLSTON
United States District Judge

3