**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ALLY BANK, FIDELITY NATIONAL TITLE INSURANCE COMPANY, ET AL.,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**JAMES C. CASTLE AKA J. CHRISTOPHER CASTLE, *ET AL.*,**<br><br>**Defendants.** | Case No.: 11-CV-896 YGR<br><br>**ORDER GRANTING MOTION FOR LEAVE TO SUPPLEMENT SECOND AMENDED COMPLAINT** |

Plaintiffs have filed a Motion for Leave to Supplement their Second Amended Complaint. (Dkt. No. 241.) Plaintiffs seek to add new allegations concerning three additional properties, alleging roughly the same fraudulent reconveyance scheme as they have alleged in connection with the nine properties identified in their Second Amended Complaint. They propose to add new plaintiffs and new defendants in connection with each of the three new properties, and to add new allegations concerning some of the defendants previously named. They also propose to add new claims for relief against some of the new defendants based upon: (1) violation of California Business & Professions Code §§ 10152 and 10176 and California Civil Code §2079; (2) broker negligence; and (3) breach of fiduciary duty. The existing Defendants have filed a single brief opposing the motion.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the Motion to Supplement.[1]

## STANDARDS APPLICABLE TO THE MOTION

Rule 15(d) of the Federal Rules of Civil Procedure provides as follows:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). As with leave to amend the pleadings, leave to supplement "should be 'freely given,' '[i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *San Luis & Delta-Mendota Water Auth. v. U.S. Dept. of Interior*, 236 F.R.D. 491, 496 (E.D. Cal. 2006) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962).) On a motion to supplement, the court should consider additional facts including: the relatedness of the original and supplemental complaints; whether supplementation would promote judicial economy; whether final judgment has been entered and, if so, whether the court retains jurisdiction; and whether any proposed supplemental allegations concern defiance of a prior court order. *Id.* at 497.

## DISCUSSION

This action was originally filed January 20, 2011, in state court alleging claims for equitable and injunctive relief as to only one property. Then-Defendant Wells Fargo Bank removed the action to this Court based upon diversity of citizenship. Pursuant to a stipulation between the original

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **August 28, 2012**.

2

Plaintiffs and then-Defendant Wells Fargo Bank, Plaintiffs subsequently filed a first amended complaint to add multiple new claims for relief, plaintiffs, and defendants, including claims for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962.

Defendants argue that the motion to supplement should be denied because the new matters do not meet the standards for joinder under Rule 20 of the Federal Rules of Civil Procedure. Rule 20 concerns permissive joinder of parties and allows joinder only if the claims arise from the same transaction or series of transactions and presents commons questions of law or fact. Defendants contend that, in order to join all the new plaintiffs and defendants alleged to be involved in the three new property-transactions, Plaintiffs must demonstrate they the new properties and transactions are part of the same enterprise as the existing nine transactions, rather than independent enterprises that are similar in nature.

The Ninth Circuit rejected a similar argument in *Keith v. Volpe*, 858 F.2d 467 (9th Cir. 1988). There, defendants argued that leave to file a supplemental complaint should be denied because it did not "arise out of the same transaction or occurrence" nor involve "common questions of law or fact." *Id.* at 474. The Ninth Circuit held that Rule 15(d) "makes no reference to any such test" and that the absence of such requirements, common to other Federal Rules including Rule 20, was "a strong indication that this test is not required" by Rule 15(d). *Id.* Thus, for purposes of a motion to supplement the complaint, all that is required is "a relationship among the claims in [the proposed supplemental] action and the claims in the original action." *Id.*

The proposed supplemental allegations easily meet this test. The allegations concern several real estate transactions in which similar fraudulent reconveyances were made. There is alleged involvement by several of the defendants in multiple transactions. The conspiracy and RICO allegations as to at least some defendants in the Second Amended Complaint were sufficient to state claims for liability, and the allegations here would appear designed to complete the picture of the

3

RICO enterprise as to others.  Defendants submit the Declaration of George Larsen, one of the proposed new defendants, who states that there is no relationship between the previously alleged schemes and the new schemes, and that Defendants Castle, Trites, and Pezzi are not members of Defendants AFOG or GJZ.  (Declaration of George Larsen In Opposition, Dkt. No. 248-2.)  Factual disputes about the proposed allegations are not a basis for denying leave to supplement.

Defendants' arguments concerning prejudice are unpersuasive.  The addition of new parties and claims, while expanding the scope of the litigation, would not interfere with Defendants' ability to mount a defense.  The case is still in its early stages.  Moreover, the argument that additional counsel might need to be involved is not basis for finding prejudice to defendants *per se*.[2]

Likewise, the Court does not find undue delay in seeking to supplement the complaint.  Plaintiffs have indicated several times that they intended to seek such relief from the Court, and the pendency of Defendants' successive rounds of pleadings motions weighed against consideration of adding supplemental allegations any sooner.

Defendants argue that any claims against David and Melissa Thompson must be stricken because of the pendency of their Chapter 7 Bankruptcy case.  This is not a reason to deny the motion to supplement.  None of the supplemental allegations are against these defendants.  Moreover, no notice of bankruptcy stay has been filed in this case regarding the Thompsons.

Finally, Defendants argue that Plaintiffs have omitted several plaintiff-aligned parties whose joinder "may be necessary" to render complete relief, as well as several potential defendants as to whom "[n]o explanation is provided for [their] omission."  (Opp. at pp. 9:22-23, 10:4.)  No authority is offered as to why the omission of additional parties might warrant denial of a motion to

---

[2] The Court further notes that, at present, Defendant James C. Castle is represented by one attorney and all other defendants are represented by one other attorney.  These defense counsel have cooperated on briefing and, presumably, on discovery responses.  Thus, the argument that expanding the case will require additional attorneys is less than convincing.

4

supplement. To the extent that Defendants believe that they can demonstrate that additional parties should be joined, they are free to bring such a motion.

Therefore, the Motion for Leave to Supplement is **GRANTED**. However, Plaintiffs are **ORDERED TO AMEND** their supplemental allegations consistent with the rulings in the Court's Order Denying Motion to Stay, Granting Motion to Strike, and Granting in Part Motion to Dismiss With Leave To Amend, issued this date, and incorporate them into the Third Amended Complaint. In other words, to the extent the proposed supplemental allegations would be required to be amended in light of the Court's ruling on the motions to dismiss, Plaintiffs are given leave to so amend the supplemental allegations.

Plaintiffs shall file their Third Amended Complaint no later than **September 10, 2012**. Defendants shall file their responsive pleadings no later than **October 1, 2012**. To the extent that Defendants' response is additional motions directed at the pleadings, Defendants are directed to file consolidated motions and to make appropriate requests to the Court as necessary, in advance of the deadline, to file a single, overlength brief. The case management conference currently set for October 1, 2012, at 2:00 p.m. remains on calendar.

**IT IS SO ORDERED**.

This order terminates Docket No. 241.

Date: August 20, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

5