1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 7  **ALLY BANK, FIDELITY NATIONAL TITLE INSURANCE COMPANY, ET AL.,** | **Case No.: 11-CV-896 YGR** |
| 8              **Plaintiffs,** | **ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS** |
| 9              **vs.** | |
| 11 **JAMES C. CASTLE AKA J. CHRISTOPHER CASTLE,** *ET AL.*, | |
| 13              **Defendants.** | |

14          Plaintiffs Fidelity National Title Insurance Company, Commonwealth Land Title Insurance

15   Company, Ally Bank, Wesley W. Halihan, Gina L. Halihan, Dawn R. Carifi, Brian Phuong, Crichton

16   Friedly, Janet N. Friedly, Chicago Title Insurance Company, Julian Massa and Alison Massa

17   ("Plaintiffs") filed their Third Amended Complaint on September 10, 2012.  (Dkt No. 253)  Plaintiffs

18   allege claims for fraud, conspiracy, violations of the Racketeering Influenced Corrupt Organizations

19   Act, 18 U.S.C. §§ 1962(c) and (d) ("RICO"), breach of contract, negligence, violation of the

20   California Civil Code and Business Professions Code, and breach of fiduciary duty, among others.

21          Currently pending before the Court are the following motions:

22          Motion to Dismiss by Defendant CCCT Group ("CCCT"), *et al* (Dkt. No. 259);

23          Motion to Dismiss by Defendants Pilo, LLC, Marsha Lo, and Robert Lo ("the Lo

24   Defendants") (Dkt. No.273);

25          Motion to Dismiss by Defendants Henrik Jensen and Real Estate Star, LLC ("RES") (Dkt.

26   No. 277); and

27
28

United States District Court
Northern District of California

Motion by Patrick Gallagher ("Gallagher") to Dismiss for Failure to State A Claim, to Dismiss for Failure to Join a Necessary Party, for a More Definite Statement, and to Strike Portions of the Complaint (Dkt. No.286).

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court rules as follows:

(1) CCCT's Motion to Dismiss is **DENIED;**

(2) The Lo Defendants' Motion is **GRANTED WITH LEAVE TO AMEND**;

(3) Jensen's and RES's Motion is **GRANTED WITH LEAVE TO AMEND**; and

(4) Gallagher's Motion is **DENIED**.[1]

### STANDARDS APPLICABLE TO THE MOTIONS

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock. Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is generally limited to the contents of the complaint. *Allarcom Pay Television. Ltd. v. Gen. Instrument Corp.,* 69 F.3d 381, 385 (9th Cir. 1995). All allegations of material fact are taken as true. *Erickson v. Pardus,* 551 U.S. 89, 93, 94 (2007). However, legally conclusory statements not supported by actual factual allegations need not be accepted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Thus, a motion to dismiss will be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. *See id.* at 558-59.

Under Rule 12(b)(7), a party may move to dismiss a case for "failure to join a party under Rule 19." *See also EEOC v. Peabody Western Coal Co.,* 400 F.3d 774, 779 (9th Cir.2005). The court must determine whether a non-party should be joined, whether such joinder is feasible, and, if not, whether the action should be dismissed in the absence of that party. Id. The burden of

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that all pending motions are appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearings set for January 8, 2013.

United States District Court
Northern District of California

persuasion is on the party moving to dismiss for failure to join.  *Makah Indian Tribe v. Verity,* 910

F.2d 555, 558 (9th Cir.1990); *Sulit v. Slep-Tone Entm't*, 69 Fed. R. Serv. 3d 831 (N.D. Cal. 2007).

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading

an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Motions to

strike are generally disfavored and are not granted unless it is clear that the matter sought to be

stricken could have no possible bearing on the subject matter of the litigation.  *See LeDuc v.*

*Kentucky Cent. Life Ins. Co.,* 814 F.Supp. 820, 830 (N.D.Cal.1992)); *Colaprico v. Sun Microsystem,*

*Inc.,* 758 F.Supp. 1335, 1339 (N.D.Cal.1991).

## DISCUSSION

Like the previous iterations of the complaint herein, Plaintiffs' allege that defendants were

part of a scheme to defraud buyers of real property through an "administrative default procedure"

whereby new deeds of trust were recorded in the absence of any real debt, and sham reconveyances

of the original deeds of trust were also recorded, such that proceeds from sales to any subsequent

purchasers would not be used to pay off the liens held by the original lenders, but instead the

subsequent purchasers would, unbeknownst to them, be subject to the prior liens once the fraudulent

reconveyances were discovered by the original lenders.  Moving parties here occupy different roles

with respect to different properties alleged in the TAC.  The Court takes each of the four motions in

turn.

## I.    Motion To Dismiss by CCCT, *et al.* (Dkt. No. 259)

Defendants CCTT Group; James C. Castle aka J. Christopher Castle ("Castle"); Lara

Karakasevic; Jon P. Sanders; Alicia A. Sanders; Shon-Te-East-A, Walks With Spirit, Corporation Sole;

John-Michael DiChiara; Golden Hills Trust; Remus A. Kirkpatrick, aka Al Kirkpatrick; Laura M. Pezzi;

Oreplex International, LLC; Todd J. Smith; Daniel R Young; Kelly E. Young; Kevin Keith; Christy

Keith; David R. Thompson; Melissa A. Thompson;; Tisha L. Trites; Fahed M. Eweis; Nadia F. Eweis;

Ryan Styles; John Winter; Jolee Lange; Randall C. Crawford; Jason Young; Donald Porto; Patricia Porto;

United States District Court
Northern District of California

3

Tisha Trites Realty; CJT Financial Group; GJZ Group; and Golden Hills Group (collectively, "CCCT") seek to dismiss the Third Amended Complaint ("TAC", Dkt No. 253) on two primary grounds.

First, with respect to the claims concerning the Dunlay Drive, Loch Dane and Valley West properties, CCCT argues that Plaintiffs did not seek leave of court to substitute Chicago Title Insurance Company ("Chicago Title") for the original plaintiffs, in violation of 25(c) of the Federal Rules of Civil Procedure. CCCT is correct that a plaintiff cannot simply add or substitute parties to an action without leave of court. In the case of transfer of a plaintiff's claim, a party wishing to substitute parties must comply with Fed.R.Civ.Proc. 25(c) and make a noticed motion for such substitution. Plaintiffs were given leave to add Chicago Title as a party with respect to the Tule Lane property when the Court granted the motion to supplement the complaint. Apparently Plaintiffs took that order, along with the Court's order directing them to amend their pleading consistent with its rulings on the motions to dismiss, as giving them license to substitute Chicago Title for other named plaintiffs as well. Not so. Under other circumstances, the Court would be inclined to dismiss those portions of the TAC naming Chicago Title as subrogee for these other plaintiffs, due to the procedural impropriety. However, for reasons of judicial economy and since leave to amend is liberally granted, the Court **DENIES** the motion on these grounds. Plaintiffs are cautioned that further disregard of the rules of procedure may not be met with so charitable a response.

CCCT also moves to dismiss on the grounds that Plaintiffs have failed to state a claim for equitable subrogation, arguing that the TAC has only alleged damages generally and not in a "stated sum" as required. CCCT cites *Bramalea California, Inc. v. Reliable Interiors, Inc.*, 119 Cal.App.4th 468, 474 n.3 (2004), which in turn cites *Patent Scaffolding Co. v. William Simpson Const. Co.*, 256 Cal.App.2d 506, 509 (1967). Both cases simply stand for the proposition that a claim for equitable subrogation requires that a causal connection between the alleged wrong and the damage, not that the damage amount be pleaded specifically. Plaintiffs' pleading stating that the insurers have paid the

United States District Court
Northern District of California

4

amount of their insureds' claims is sufficient.  CCCT's Motion to Dismiss on these grounds is **DENIED**.

## II.    Motion To Dismiss by Defendants Pilo, LLC, Marsha Lo, and Robert Lo

Plaintiffs allege causes of action for breach of contract and breach of the implied covenant to convey merchantable title against Defendants Pilo, Marsha Lo, and Robert Lo ("the Lo Defendants"). The Lo Defendants move to dismiss the claims against under Rule 12(b)(6) arguing that, unlike other "former owner" defendants, they purchased the Stone Drive property for value after the alleged fraudulent conveyances occurred.

The TAC alleges that Defendant Joan Hangarter ("Hangarter") previously owned Stone Drive and had a mortgage secured by a deed of trust with Bank of America, as well as a home equity line of credit through Citibank, also secured by a deed of trust on the Stone Drive property.  (TAC ¶¶ 262-63.)  When Hangarter defaulted on the mortgage in 2010, she, along with Defendants GJZ Group, George Larsen and Castle are alleged to have executed and recorded various sham liens and forged reconveyances in February 2011 to deceive Plaintiffs into purchasing the property in a short sale.  (TAC ¶¶ 264-272.  The TAC alleges that Hangarter sold the property to Prime Capital Resources in a short sale financed by a loan from the Lo Defendants.  In June 2011, the Lo Defendants recorded a deed in lieu of foreclosure, which transferred the property to them from Prime Capital Resources.  (TAC ¶¶ 273-275.)  Thereafter, Plaintiffs Julian and Alison Massa purchased the property from them.  (TAC ¶ 276.)

The Lo Defendants argue that they, unlike other former-owner defendants, purchased the property for value after the alleged fraudulent conveyances by Hangarter, GJZ, Larsen and Castle occurred.  Thus the Lo Defendants argue that they are not in any different position from plaintiffs (the Massas) who relied upon the earlier deeds of trust and reconveyances by GJZ, Larsen and Castle.  The TAC does not allege facts linking the Lo Defendants to Castle or any of his associates,

United States District Court
Northern District of California

5

nor are there facts indicating the Lo Defendants had any knowledge of the "administrative default procedure."

The Court agrees with the Lo Defendants that the allegations here are insufficient to state claims against them. The TAC avoids alleging facts to support the claims against the Lo Defendants and alleges only conclusions.

Plaintiffs argue that the TAC alleges that "defendants" knew about the Bank of America and Chase Bank liens at paragraph 272, however, that paragraph, as well as the allegations at paragraphs 270 and 274, refer to "defendants" generally without specifying exactly which individual or entity is being referenced, and precede any reference to the Lo Defendants. The TAC cannot reasonably be read to allege that the Lo Defendants were aware of the original deeds of trust by Hangarter when they sold the property to the Massas. The most that can be said is that, in paragraph 277 of the TAC, Plaintiffs allege the conclusion that the Lo defendants failed to convey merchantable title and failed to disclose "all matters known to them affecting title," including the existence of valid liens in favor of Bank of America and Chase Bank and invalid liens and reconveyances by GJZ, Larsen and Castle.

The motion to dismiss the fifth and sixth claims for (1) breach of contract, and (2) breach of the implied covenant to convey merchantable title against the Lo Defendants is therefore **GRANTED** with leave to amend.

**III.    Motion To Dismiss by Defendant Henrik Jensen and Real Estate Star, LLC**

Like the Lo Defendants, Defendants RES and Jensen argue that the TAC does not allege they were involved in any way in the fraudulent real estate schemes, and therefore no claims are stated against them. RES and Jensen are named in two claims -- breach of contract and breach of the covenant to convey merchantable title in their sale of the Loch Dane property to Tatyana Madina, the insured of Plaintiff Chicago Title now asserting Madina's claims in subrogation. The TAC alleges that Defendant Laura Pezzi ("Pezzi") previously owned the Loch Dane property and that she took

United States District Court
Northern District of California

out a mortgage on that property which was secured by a deed of trust assigned to Aurora Loan

Services.  (TAC ¶ 128.)  In April 2010, the TAC alleges, Defendant Pezzi along with Defendants

Oreplex International LLC and Castle executed false deeds of trust, substitutions, and reconveyances

that were meant to deceive future purchasers of the property, including Madina.  (TAC ¶¶ 129-131.)

In May 2010, Nobuco Financials, LLC purchased Loch Dane from Pezzi, then flipped the property to

RES.  (TAC ¶ 132.)  In June 2010, RES sold the property to Madina.  (TAC ¶ 133.)

RES and Jensen contend, like the Lo Defendants, that the TAC alleges only that they sold the

property to Madina *after* the sham deeds of trust and false reconveyances that purported to eliminate

valid liens through an "administrative default procedure" were executed and recorded by others.

Moreover, they argue, Madina expressly agreed to accept title to Loch Dane in "its present condition

subject to all encumbrances…whether of record or not, as of the date of Acceptance except (i)

monetary liens of record unless Buyer is assuming those obligations or taking the Property subject to

those obligations; and (ii) those matters which Seller has agreed to remove in writing." (TAC Exh.

32, ¶ 12 B), not free of unknown liens and encumbrances.  The allegations of the TAC are not

sufficient to support a claim that RES and Jensen knew of the sham reconveyances and deeds of trust

that preceded RES's purchase of the property from Nobuco Financials, LLC.  Plaintiffs have failed to

state claims for breach of contract and breach of the implied covenant to convey merchantable title.

The motion of RES and Jensen to dismiss the fifth and sixth claims is therefore **GRANTED** with leave

to amend.[2]

**IV.    Motion by Patrick Gallagher To Dismiss, for a More Definite Statement, and To Strike**

Defendant Patrick Gallagher attacks the TAC on multiple grounds: (i) it fails to state a claim

against him, (ii) it is insufficiently definite to comply with Rule 8, (iii) Plaintiffs failed to join a

necessary defendant, and (iv) certain allegations should be stricken.

---

[2]  Jensen makes the further argument that he is not liable for breach of contract because he
was not a party to the contract but is only alleged in a conclusory manner to be the alter ego of RES.
(TAC ¶ 91.)  While the merits of the motion turn on Plaintiffs' failure to allege facts sufficient to
state their claims, the Court agrees that these alter ego allegations are, similarly, too conclusory to
allege a proper basis for relief against Jensen individually.  Any amended complaint must allege facts
to support holding Jensen individually liable for breach of an agreement to which he was not a party.

United States District Court
Northern District of California

The TAC alleges that Gallagher, along with Defendant Cathy Cross ("Cross"), was a previous owner of the Tule Lane property, and that they borrowed money from Indymac Bank that was secured by a deed of trust on the Tule Lane property.  (TAC ¶¶ 220-221.)  When Gallagher and Cross began falling behind in their loan payments to Indymac, they entered into a scheme with GJZ Group and George Larsen to execute and record liens and reconveyances that they knew to be false in order to deceive future purchasers about the Indymac lien.  (TAC ¶¶ 224-231.)  In June 2011, Gallagher allegedly conveyed a 20% interest in the property to Scott Dion, and in July 2011 a 20% interest to Teresa Weddle, allegedly in an effort to avoid a foreclosure on the property.  (TAC ¶ 234.)  In August 2011, Gallagher and Cross sold the Tule Lane property to "Reyes," with Cross initially acting as real estate agent to Reyes and steering Reyes into the transaction with representations that the property's "title issues" had been resolved and it was free and clear of liens.  (TAC ¶¶ 235, 236.)  The TAC alleges that Gallagher knew that the Indymac deed of trust had not been satisfied and the Indymac loan had not been fully repaid, but represented to Reyes that it had been paid and that the property was free of all liens other than the GJZ deed of trust.  (TAC ¶ 242.)

First, as to Gallagher's arguments that the claims are confusingly alleged because they combine allegations related to different properties, plaintiffs and defendants, the Court finds that the allegations are not so indefinite as to preclude Gallagher from understanding which allegations are directed at him and the conduct upon which the claims are based.  The motion for a more definite statement is therefore **DENIED**.

Second, as to the sufficiency of the claims against him, Gallagher argues that the fraud and conspiracy claims do not allege with whom he is supposed to have conspired, in which schemes he is supposed to have engaged, which Plaintiffs relied on his misrepresentations, or what those were.  He further argues that the breach of contract and breach of implied covenant claims do not include factual allegations that he was aware the Indymac deed of trust was "ongoing."  Finally, he argues that the negligence claim is not stated properly because any duty to disclose outstanding liens would be limited to those that were known to him, and Plaintiffs do not allege that he knew the alleged "bogus" deeds of trust were in fact "bogus."  The allegations here, specifically those set forth at TAC paragraphs 225-235 and 242, are sufficient to state the claim alleged against Gallagher.  In contrast

to other seller defendants whose motions are addressed above, Gallagher is alleged to have been involved directly in making false statements about liens -- liens which arose from his own unpaid debt.  His awareness of the falsity of the disclosures and representations made in connection with the sale to Reyes is clear from the facts alleged.  Gallagher's assertion that he is "not alleged to have forged any document or orchestrated the alleged" administrative default procedure, and is therefore "as much a victim of the other defendants as the Plaintiffs" is contrary to the allegations of the TAC: that Gallagher signed a deed of trust in favor of GJZ knowing that it was a sham; that no funds were ever lent to him or Cross; and that he was directly involved in the recording of the false documents.  (*See, e.g.,* TAC ¶¶ 225, 227.)  Accordingly, the motion to dismiss is **DENIED**.

In addition, Gallagher argues that the characterization of certain documents as "sham," "forged" and "fraudulent" is conclusory and scandalous, and the use of the term "schemes" is likewise unfairly prejudicial, such that those terms should be stricken pursuant to Rule 12(f).  The allegations here simply use terms to describe the legal effect of the allegations -- that the documents are false, fraudulent, sham, and forged and that multiple defendants worked together, *i.e.* "schemed," to mislead subsequent purchasers of the property to believe those documents were not false.  Motions to strike are not favored unless the moving party establishes that the allegations it seeks to strike have no possible bearing on the subject matter of the litigation.  *See LeDuc,* 814 F.Supp. at 830; *Colaprico,* 758 F.Supp. at 1339.  The terms used here arise directly from the nature of the allegations.  While defendants may dispute their truth, the allegations are not improper on their face.  The motion to strike is therefore **DENIED**.

Finally, Gallagher argues that Plaintiffs have failed to join necessary parties in that Indymac (and Onewest, its successor) claim an interest in the property, and any disposition of the claims here in will leave him subject to multiple judgments.  Plaintiffs' response -- that the Court previously rejected such a motion -- does not explain why it should do so now, if at all.  However, Gallagher has failed to show, either in his motion or by reference to the allegations of the pleadings, whether Indymac or Onewest have a current interest in the property, as opposed to having a past interest/lien that was resolved when Reyes learned of the pending foreclosure under the Indymac deed of trust and made a claim to Chicago Title.  (TAC ¶ 244.)

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Gallagher bears the burden to demonstrate that joinder is required under Rule 19 of the

2  Federal Rules of Civil Procedure.  *See Makah Indian Tribe,* 910 F.2d at 558; *Sulit*, 69 Fed. R. Serv.

3  3d 831.  Because Gallagher has not met his burden to establish that joinder is necessary, the motion

4  is **DENIED**.

5                                              **CONCLUSION**

6    The Motion to Dismiss by Defendant CCCT Group ("CCCT"), et al (Dkt. No. 259) is

7  **DENIED**;

8    The Motion to Dismiss by Defendants Pilo, LLC, Marsha Lo, and Robert Lo ("the Lo

9  Defendants") (Dkt. No.273) is **GRANTED**.  If amendment consistent with this Order is possible,

10  Plaintiffs are granted leave to file a motion requesting leave to amend as to the Lo Defendants.  Said

11  motion must be filed by January 23, 2013.  If not file, the Lo Defendants will be dismissed;

12    The Motion to Dismiss by Defendants Henrik Jensen and Real Estate Star, LLC (Dkt. No.

13  277) is **GRANTED**.  If amendment consistent with this Order is possible, Plaintiffs are granted leave

14  to file a motion requesting leave to amend as to Defendants Jensen and RES.  Said motion must be

15  filed by January 23, 2013.  If not filed, said defendants will be dismissed; and

16    The Motion by Patrick Gallagher to Dismiss for Failure to State A Claim, to Dismiss for

17  Failure to Join a Necessary Party, for a More Definite Statement, and to Strike Portions of the

18  Complaint (Dkt. No.286) is **DENIED**.

19    The Court notes that Plaintiffs' Motion to Supplement is scheduled for hearing on January

20  29, 2013.  Accordingly, Defendants will not be required to respond until the Court rules on that

21  motion at which time further instruction will be provided.

22    This Order terminates Docket Numbers 259, 273, 277, and 286.

23    **IT IS SO ORDERED.**

24

25  **Dated:** _____1/4/2013_____          _____

26                                              **YVONNE GONZALEZ ROGERS**
                                                **UNITED STATES DISTRICT COURT JUDGE**

27

28