UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLY BANK, FIDELITY NATIONAL TITLE INSURANCE COMPANY, ET AL.,<br><br>Plaintiffs,<br><br>vs.<br><br>JAMES C. CASTLE AKA J. CHRISTOPHER CASTLE, *ET AL.*,<br><br>Defendants. | Case No.: 11-CV-896 YGR<br><br>ORDER DENYING MOTION FOR ORDER AUTHORIZING SERVICE ON DEFENDANT GEORGE LARSEN BY E-MAIL OR, IN THE ALTERNATIVE, BY PUBLICATION WITHOUT PREJUDICE |

Plaintiffs Fidelity National Title Insurance Company, Commonwealth Land Title Insurance Company, Ally Bank, Wesley W. Halihan, Gina L. Halihan, Dawn R. Carifi, Brian Phuong, Crichton Friedly, Janet N. Friedly, Chicago Title Insurance Company, Julian Massa and Alison Massa ("Plaintiffs") and Cross-Claimants Magan Arthur and Joan Hangarter ("Cross-Claimants") (collectively, "Movants") have filed a motion seeking an order authorizing service of summons and complaint on Defendant George Larsen ("Larsen") by e-mail or, in the alternative, by publication. (Dkt. No. 323, "Motion".)

Having carefully considered the Movants' papers, and for the reasons set forth below, the Court hereby **DENIES** the Motion without prejudice.[1] Movants have failed to offer sufficient

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **February 7, 2013.**

evidence to establish reasonably diligent efforts to effect personal service of the operative complaint and summons on Larsen.

While Plaintiffs submit evidence of five unsuccessful attempts at a Sir Francis Drake Boulevard address, they do not indicate any attempts or any reason for not attempting service at the other address obtained by their process server on Tilden Drive. (Compare Declaration of Stephen Seto In Support of Motion for Order Authorizing Service [Dkt. No. 323-1, "Seto Dec."] and Declaration of Marc M. Perkins In Support of Motion for Order Authorizing Service [Dkt. No. 323-3] at ¶5.) Moreover, their process server's declaration indicates that the Sir Francis Drake address is a business. (Seto Dec., Exh. A, p. 2.)

Further, while Cross-Claimants aver that they do not have a physical address for Larsen, the emails attached to their declaration indicate not only an e-mail contact, but also cell phone and Skype contact information. However, Movants do not indicate that they utilized this information in their attempts to effect service on Larsen. Indeed, other than the failed efforts at the Sir Francis Drake address, the only attempt to send Larsen the summons and complaint appears to have been made by way of the email counsel indicates that he sent on December 28, 2012, just 5 days prior to filing the instant motion.

In short, Movants have not demonstrated reasonably diligent efforts to effectuate service of the summons and operative complaint on Larsen.[2] Under these circumstances, the Court must deny the motion. Any renewed motion must address the issues herein and must attach documentary evidence showing the efforts counsel and their private investigator have made to locate Larsen.

Finally, the Court notes that this motion was set with less than 35 days' notice and without any request or order granting leave to proceed with less notice. (*See* Civil Local Rules 7-2 and 7-11, and this Court's Standing Order in Civil Cases.) It was also set for hearing on a day other than the Court's regular civil law and motion calendar, as well as a date that the Court previously indicated it is unavailable. Movants are reminded that they must follow the Local Rules and this Court's

---

[2] While the Court appreciates that counsel for Defendants GJZ, and AFOG, alleged to be associated with Larsen, has not yet responded to Plaintiffs' recent inquiry as to whether he has contact information for Larsen, the effort is late in coming and not an excuse for failure to make reasonable efforts to locate and serve Larsen themselves.

Standing Orders, when noticing motions on the Court's calendar and otherwise. Future disregard of the Court's procedures may result in sanctions.

This order terminates Docket No. 323.

**IT IS SO ORDERED.**

Dated: January 9, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**