Thomas J. LaLanne (SBN 55199)
Law Offices of Thomas J. LaLanne
369 Broadway
San Francisco, CA  94133
Tel:    (415) 434-1122
Fax:    (415) 434-1125
Email: tomlalanne@sbcglobal.net

Attorneys for Defendants
James C. Castle aka J. Christopher Castle; Lara Karakasevic;  Jon P. Sanders; Alicia A. Sanders; Shon-Te-East-A, Walks With Spirit, Corporation Sole; John-Michael DiChiara; Golden Hills Trust; Remus A. Kirkpatrick, aka Al Kirkpatrick; Laura M. Pezzi; Oreplex International, LLC; Todd J. Smith; Daniel R Young; Kelly E. Young; Kevin Keith; Christy Keith; David R. Thompson; Melissa A. Thompson; CCTT Group; Tisha L. Trites; Fahed M. Eweis; Nadia F. Eweis; Ryan Styles; Jolee Lange; Randall C. Crawford; Jason Young; Donald Porto; Patricia Porto; Tisha Trites Realty; CJT Financial Group; GJZ Group; and Golden Hills Group

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, et al., <br><br>              Plaintiffs, <br>     vs. <br><br> JAMES C. CASTLE aka J. CHRISTOPHER CASTLE, et al., <br><br>              Defendants. | **Case No. 4:11-CV-896 YGR** <br><br> **REPLY DECLARATION OF THOMAS J. LaLANNE IN SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL** <br><br> Date:         February 26, 2013 <br> Time:        2:00 p.m. <br> Judge:       Hon. Yvonne Gonzalez Rogers <br> Courtroom: Oakland Courthouse <br>                   1301 Clay St. <br>                   Oakland, CA 94612 <br> Trial Date: None Set |

I, Thomas J. LaLanne, declare:

1.     I am an attorney licensed to practice law in the State of California and am admitted to practice in the United States District Court for the Northern District of California.  I continue to be attorney of record for the defendants in this litigation who are listed above.

1

REPLY DECLARATION OF THOMAS J. LaLANNE IN SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL

2. I have personal knowledge of the matters contained herein, and if called and sworn as a witness could competently testify thereto.

3. Plaintiffs agree that I must withdraw as attorney in this action because I have actual conflicts of interest between my clients. As a result of this admission, I believe the motion to be relieved should be granted.

4. Plaintiffs claim that the conflicts of interest are of my own making. That is incorrect. The conflicts of interest are of the making of the clients themselves. Even if discovery responses had been filed that plaintiffs claim should have been filed, the clients would still have their respective conflicts of interest.

5. It must also be stated that plaintiffs learned of the discovery wrongdoings about which they now complain by violating their own professional ethics. Rules of Professional Conduct, Rule 2-100, specifically prohibits communication about the subject of representation with a party that a bar member knows to be represented by another lawyer in the matter unless the bar member has the consent of the other lawyer. Plaintiffs' counsel clearly knew that Jon Sanders, Alicia Sanders, David Thompson and Melissa Thompson continued to be represented by me in this litigation. Nevertheless, he took the depositions of these four parties in their respective bankruptcy actions. He gave no notice to me that he was doing so, and certainly did not seek or receive my consent to discuss protected attorney-client communications.

6. Plaintiffs are demanding that as a condition of withdrawal, I should be required to provide further discovery responses and initial disclosures for numerous clients. However, doing so would violate my professional duties of loyalty to my clients. If I take actions on behalf any of the clients that are adverse to the interests of any of the others, I will obviously be violating my duties of loyalty to some or all of them.

5. If further discovery responses, initial disclosures, answers, cross-complaints or any other actions are to be taken in this litigation by any of the clients, those actions need to be taken with the advice of independent counsel. Each of the parties deserves representation by an attorney who has no concerns that his actions might be in derogation of the rights of other represented parties.

1    6.   With regard to service of the moving papers in this motion, I was unaware that the Thompsons had moved to Oregon. This was a result of the fact that all written communications between my clients and me have been through email. I have never sent written communications to any of my clients to a physical address. The addresses contained on the certificate of service of the moving papers are the most recent addresses that I have. I mailed the moving papers to those addresses, but I also emailed the moving papers to the clients as has been our customary way of communicating. Only one of the mailed version of the documents was returned to me - those to John-Michael DiChiara and Shon-Te-East-A, Walks With Spirit. However I know they received the emailed version of the documents, as I discussed them with Mr. DiChiara on the telephone after he received them. I have received no returns on any of the emails I have sent. As a result of this, I am confident that all of the clients have received the moving papers.

7.   As a condition of withdrawal, I will offer to make sure that I can provide the court and parties current physical addresses and telephone numbers. I am sorry that I didn't do that before, but I was unaware that I did not have current information on all of them.

8.   From all of the above, I respectfully request that this Court grant my motion to be relieved as counsel in this litigation for defendants James C. Castle aka J. Christopher Castle, Lara Karakasevic, Jon P. Sanders, Alicia A. Sanders, Shon-Te-East-A, Walks With Spirit, Corporation Sole, John-Michael DiChiara, Golden Hills Trust, Remus A. Kirkpatrick, aka Al Kirkpatrick, Laura M. Pezzi, Oreplex International, LLC, Todd J. Smith, Daniel R Young, Kelly E. Young, Kevin Keith, Christy Keith, David R. Thompson, Melissa A. Thompson, CCTT Group, Tisha L. Trites, Fahed M. Eweis, Nadia F. Eweis, Ryan Styles, Jolee Lange, Randall C. Crawford, Jason Young, Donald Porto, Patricia Porto, Tisha Trites Realty, CJT Financial Group, GJZ Group, and Golden Hills Group.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct, and that this declaration was executed in San Francisco, California on February 5, 2013.

/s/ Thomas J. LaLanne
Thomas J. LaLanne

3
REPLY DECLARATION OF THOMAS J. LaLANNE IN SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL