# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALLY BANK, FIDELITY NATIONAL TITLE INSURANCE COMPANY, ET AL.,**<br><br>       **Plaintiffs,**<br><br>       **vs.**<br><br>**JAMES C. CASTLE AKA J. CHRISTOPHER CASTLE,** *ET AL.***,**<br><br>       **Defendants.** | Case No.: 11-CV-896 YGR<br><br>**ORDER DENYING MOTIONS TO AMEND (DKT. NOS. 333 AND 334)** |

On January 23, 2013, Plaintiffs Julian Massa and Alison Massa filed their Motion for Leave to Amend Third Amended Complaint, and Plaintiff Chicago Title Insurance Company filed its own Motion for Leave to Amend Third Amended Complaint. (Dkt. Nos. 333 and 334, respectively.) Opposition to the motions was filed by Defendants Marsha Lo, Robert Lo, and Pilo, LLC (Dkt. No. 345) and Defendant Real Estate Star, LLC (Dkt. No. 343).

Having carefully considered the papers submitted in support and in opposition to the Motion and the pleadings in this action, the Court hereby **DENIES** the Motions to Amend.

This Court's Order of January 4, 2013 (Dkt. No. 326) dismissed Plaintiffs' claims against Defendants Marsha Lo, Robert Lo, Pilo, LLC, Henrik Jensen and Real Estate Star, LLC. Unlike

other former-owner defendants who were alleged to have been involved in fraudulent reconveyances of their lenders' deeds of trust, these defendants were alleged to be purchasers for value after the reconveyances previously recorded by others. The allegations did not indicate that Defendants were aware of the original deeds of trust, or were linked to others alleged to have participated in the administrative default process, but only made conclusory statements that they did not disclose "matters known to them." The January 4 Order allowed Plaintiffs to seek leave to amend the Third Amended Complaint ("TAC") "[i]f amendment consistent with [the] order is possible." (January 4 Order at p.10).

Plaintiffs' motions for leave to amend do not offer any significant new factual allegations, only another legal theory based upon the same facts. In both motions, Plaintiffs argue that claims for breach of contract are properly stated against these defendants on the theory that, since the prior reconveyances were fraudulent and void, the deeds of trust they were meant to reconvey actually remained liens of record. They argue that the purchase agreements for the respective properties required the sellers – Defendants Pilo LLC, Marsha Lo and Robert Lo on the Stone Drive property, and Defendant Real Estate Star on the Loch Dane property – to satisfy any monetary liens of record. The purchase agreements both contained the following language:

> Title is taken in its present condition subject to all encumbrances, easements, covenants, conditions, restrictions, rights and other matters, whether of record or not, as of the date of Acceptance except: (i) <u>monetary liens of record</u> unless Buyer is assuming those obligations or taking the Property subject to those obligations, and (ii) those matters which Seller has agreed to remove in writing.

(Section 12.B, Loch Dane Purchase Agreement and Stone Drive Purchase Agreement, emphasis supplied.) Plaintiffs argue that the prior deeds of trust were liens "of record" for which these Defendants remained responsible, even if a subsequently recorded reconveyance made it appear that the property was clear of that deed of trust. Thus, they allege, these Defendants breached the contracts by failing to satisfy those liens of record.

No leave to amend is warranted here because Plaintiffs' allegations do not state a claim for breach of contract. Plaintiffs concede that reconveyances were recorded, even if they contend those reconveyances were fraudulent. Plaintiffs allege no facts to suggest that these Defendants knew or

had reason to know that the recorded reconveyances were false, or that the outstanding liens of record were any different from what appeared in the recorded documents. A court must interpret a contract in a manner that is fair and reasonable and does not lead to absurd conclusions. *ASP Properties Group v. Fard, Inc.*, 133 Cal. App. 4th 1257, 1269 (2005). Here, the contract terms alleged cannot be interpreted reasonably to mean that a seller is obligated to satisfy every prior lien that has ever been recorded, regardless of whether other recorded documents state that those liens were previously reconveyed or satisfied. In the absence of any allegation to suggest that these Defendants were aware the recorded reconveyances were false, or that the title records were otherwise unreliable, Plaintiffs have not stated a claim for breach of their obligation to satisfy "monetary liens of record." Consequently, the motions are **DENIED**.

Defendants Marsha Lo, Robert Lo and Pilo, LLC requested attorneys' fees as the "prevailing party" under the purchase agreement. That request is **DENIED WITHOUT PREJUDICE** to bringing a Motion for Attorney's Fees consistent with Civil Local Rule 54-5.

This Order terminates Docket Nos. 333 and 334.

**IT IS SO ORDERED.**

Dated: April 10, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**