# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALLY BANK, FIDELITY NATIONAL TITLE INSURANCE COMPANY, ET AL.,**<br><br>    **Plaintiffs,**<br><br>    **vs.**<br><br>**JAMES C. CASTLE AKA J. CHRISTOPHER CASTLE,** *ET AL.***,**<br><br>    **Defendants.** | **Case No.: 11-CV-896 YGR**<br><br>**ORDER CLARIFYING APRIL 10, 2013 ORDERS (DKT. NOS. 374 AND 375)** |

Plaintiffs Fidelity National Title Insurance Company, *et. al.*, and Defendant James C. Castle have each filed administrative motions seeking clarification as to the effect of the Court's April 10, 2013 Orders: (1) Granting Motion for Leave to Supplement Complaint ("Order One") and (2) Denying Motion to Amend ("Order Two"). *See* Docket Nos. 387 [Defendant Castle's Administrative Motion] and 388 [Plaintiffs' Administrative Motion]. The Court issues this Order to clarify the effect of the two motions.

As to Order One, Plaintiffs were given leave to supplement the Third Amended Complaint to add allegations regarding the Via Divertirse property. Plaintiffs were previously ordered to file their Fourth Amended Complaint, including the supplemental allegations, no later than April 16, 2013.

(Order One at 2.) Plaintiffs did not do so, but instead filed an untimely Administrative Motion on April 18, 2013.

As to Order Two, the Court did not direct Plaintiffs to amend the TAC in conformity with the order, but Plaintiffs apparently wish to do so. By way of background, this Court's Order of January 4, 2013, ruled on several pending motions to dismiss. Among other things, that January 4, 2013 Order dismissed Defendants Marsha Lo, Robert Lo, Pilo, LLC (collectively, "the Lo Defendants") and dismissed Defendants Henrik Jensen and Real Estate Star, LLC ("RES") from the two claims stated against each of them in the Third Amended Complaint ("TAC"), namely the claims for breach of contract and breach of the implied covenant to convey merchantable title. The Court found that the TAC did not allege facts sufficient to state a claim against the Lo Defendants with respect to the sale of the Stone Drive property, or against Jensen and RES with respect to the sale of the Loch Dane property. The January 4, 2013 directed Plaintiffs to file a motion for leave to amend to explain how they could amend the TAC to state viable claims against these Defendants, and Plaintiffs filed such motions on January 23, 2013. Order Two denied Plaintiffs' motions to amend the TAC to state claims against the Lo Defendants, Jensen and RES. Thus, those defendants are dismissed from the action.

In light of Order Two, Plaintiffs' Administrative Motion attaches a proposed Fourth Amended Complaint which they contend reflects the rulings therein. However, the redline version attached to Plaintiffs' Administrative Motion (Dkt. No. 388-2) fails in several respects. While Plaintiffs properly can allege facts concerning the involvement or role of the Lo Defendants, Jensen and RES in the property transactions, in order to allege the relevant context for their claims, Plaintiffs cannot allege that these defendants are liable for any claims therein. Plaintiffs' attempt to clean up the TAC consistent with Order Two missed several allegations. For instance:

- Proposed Fourth Amended Complaint at pg. 58:7 and ¶331 still lists RES and Jensen as defendants;
- Proposed Fourth Amended Complaint at pg. 60:15 still lists Jensen as a defendant

Further, it appears that absent a claim for liability against the Lo Defendants, Jensen or RES, the allegations in paragraphs 322, 329, 330, 331, 334, and 335 (naming some or all of them and/or alleging breach of the purchase agreements as to the Loch Dane and Stone Drive properties) should

2

be deleted from the amended complaint. Some of the proposed, redlined deletions in the general factual allegations seem to reflect this understanding (*see, e.g.*, ¶¶ 135, 136, 138, 279), but the allegations in connection with the Fifth and Sixth Claims for Relief do not eliminate entirely the allegations of breach of contract and implied covenant as to these properties.

In light of the instant Order, Plaintiffs' time to file the Fourth Amended Complaint is extended to **April 30, 2013**. The Fourth Amended Complaint should reflect the supplemental allegations regarding Via Divertirse, and should eliminate all allegations inconsistent with the dismissal of the Lo Defendants, Jensen and RES.

Plaintiffs are cautioned to comply strictly with the deadlines imposed by the Court or be subject to appropriate sanctions.

As an additional clarification, the Court notes that it will consider the pending Motion to Dismiss by Defendant Prudential Realty (Dkt. No. 366) to be directed to the operative complaint at the time set for hearing of the hearing of the motion, *i.e. **not*** mooted by the filing of the Fourth Amended Complaint.

This Order terminates Docket Nos. 387 and 388.

**IT IS SO ORDERED.**

Dated: April 23, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**