United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ALLY BANK, FIDELITY NATIONAL TITLE INSURANCE COMPANY, ET AL.,**<br><br>       **Plaintiffs,**<br><br>       vs.<br><br>**JAMES C. CASTLE AKA J. CHRISTOPHER CASTLE,** *ET AL.***,**<br><br>       **Defendants.** | Case No.: 11-CV-896 YGR<br><br>**ORDER DENYING MOTION OF DEFENDANT PEARSON PROPERTIES, INC. DBA PRUDENTIAL CALIFORNIA REALTY TO DISMISS (DKT. NO. 366)** |

On March 22, 2013, Defendant Pearson Properties, Inc., doing business as Prudential California Realty's ("Prudential") filed its Motion to Dismiss. (Dkt. No. 366.) Prudential moves for dismissal of the Ninth, Tenth and Eleventh Claims for Relief in the Third Amended Complaint[1] of Plaintiffs Fidelity National Title Insurance Company, *et. al.* ("Plaintiffs"). Prudential makes this motion pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that the Court lacks subject matter jurisdiction over these state law claims. Prudential further moves for dismissal of the

---

[1] In this Court's Orders issued April 10 and April 23, 2013, (Dkt. Nos. 374, 375, 396), Plaintiffs were directed to file a Fourth Amended Complaint no later than April 30, 2013, to cure certain defects identified in those Orders. However, as stated therein, the Court is considering the instant motion not to be mooted by the filing of a new operative complaint in the interim and is considering the instant motion based upon the allegations contained in the Third Amended Complaint. (Dkt. No. 396 at 3.)

stated claims against Prudential because the three state law claims substantially predominate over the federal claims in this action, citing 28 U.S.C. section 1367(c)(2).

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **DENIES** the Motion to Dismiss.[2] The state law claims against Prudential are part of the same case or controversy as the RICO claims in this litigation since they share a common nucleus of operative facts and would normally be tried together. *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004). The alleged schemes concerning similar fact patterns, *i.e.,* alleged fraudulent reconveyances of existing deeds of trust executed by homeowners in default with the assistance or participation of other defendants (alleged to be sham lenders, documents signers, etc.) which misled subsequent buyers into believing that they were purchasing the property free and clear of liens. As pleaded by Plaintiffs, the different properties are tied together in the complaint by common participants and conduct.

With respect to Prudential, the allegations are that Prudential employed Defendant Cathy Cross ("Cross"), a licensed real estate agent who formerly owned the Tule Lane property. (TAC ¶ 220.) Cross defaulted on the $890,000 loan that she had taken out on the Tule Lane property through Indymac Bank. (TAC ¶¶ 221, 224.) Plaintiffs allege that Cross knowingly engaged in a fraudulent scheme, known as the administrative default process or "ADP," based on forged documents which made it appear that the deed of trust for the $890,000 loan from Indymac Bank had been reconveyed even though Cross had never fully paid back the loan. (TAC ¶¶ 224-234.) Plaintiffs further allege that, as part of her employment with Prudential, Cross initially represented Joseph Reyes ("Reyes") as his real estate agent and, in that capacity, showed him the Tule Lane property. (TAC ¶ 236.) Although she initially told Reyes that there were title problems with the Tule Lane property, she later told him that all title issues had been resolved, knowing the $890,000 Indymac loan had never been fully paid off. (TAC ¶ 236.) Plaintiffs allege that Prudential then assigned another Prudential employee, and licensed real estate agent, to represent Reyes as buyer of the Tule Lane property and yet a third Prudential employee to represent Cross as seller of the Tule Lane property. (TAC ¶ 237.)

---

[2] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **May 7, 2013.**

As a result, Prudential received a commission from both sides of the sale totaling $23,400 and paid Cross a portion of that commission. (TAC ¶ 243.)

Prudential seeks dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction. *See MacKay v. Pfiel,* 827 F.2d 540, 543 (9th Cir. 1987).[3] Once a defendant objects to lack of subject matter jurisdiction, plaintiff bears the burden to establish that jurisdiction. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992); *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). Here, because all claims against Prudential are made under California law, subject matter jurisdiction over Prudential depends upon supplemental jurisdiction under 28 U.S.C. § 1367(a) (allowing "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . [which] shall include claims that involve the joinder or intervention of additional parties"). Supplemental jurisdiction requires that the claims against Prudential be so related to the federal claims that they form one case or controversy. *See Mendoza v. Zirkle Fruit Company,* 301 F.3d 1163, 1172 (9th Cir. 2002).

While Prudential is not named as a defendant to either of the RICO claims, it is clear that the state law and RICO claims share a common nucleus of facts: the alleged ADP reconveyance scheme which allowed homeowners in default or facing foreclosure to eliminate recorded liens and sell their properties to unsuspecting buyers. Prudential is not alleged to have played a direct role in the ADP scheme on the Tule Lane property, but Plaintiffs have alleged that Prudential's agents served as both the buyer's and seller's agents in the false "short sale" of the property to Reyes, and that Prudential received commissions on that sale. (TAC ¶¶ 237, 243.) Thus, the allegations against Prudential share a common nucleus of facts with the RICO claims concerning the Tule Lane property. This is sufficient to establish supplemental jurisdiction over Prudential.

The Court further finds that discretionary dismissal of the state law claims against Prudential under 28 U.S.C. § 1367(c) is not appropriate. Prudential argues that under Section 1367(c)(2) the Court should find that the state law claims "substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c). Supplemental jurisdiction is

---

[3] The Court notes that Prudential has not moved to dismiss for failure to state a claim under Rule 12(b)(6). The Court does not rule on the merits of the claims themselves.

discretionary and "a federal court should consider and weigh. . . the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173, (1997) (internal citations omitted).  None of these values favor dismissing Prudential from these claims so that they may be pursued separately in the state court.

Accordingly, Prudential's Motion to Dismiss is **DENIED**.

This Order terminates Docket No. 366.

**IT IS SO ORDERED.**

Dated: April 30, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**