UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FIDELITY NATIONAL TITLE INSURANCE COMPANY**, *et al*,<br><br>    Plaintiffs,<br><br>    vs.<br><br>**JAMES C. CASTLE AKA J. CHRISTOPHER CASTLE**, *et al*,<br><br>    Defendants. | **Case No.: 11-CV-896 YGR**<br><br>**ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION (DKT. NO. 600)** |

The Motion by Plaintiff Credit One, LLC ("Plaintiff") for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue against defaulted defendant Curtis Guillotte (Dkt. No. 600) is **DENIED**.

Plaintiff has not submitted evidence sufficient to establish a likelihood of success on the merits of any claim. While Plaintiff contends that it will succeed on its "Constructive Trust Claim," the Court has already ruled that there is no "claim" for a constructive trust, only other legal claims as to which constructive trust may be (and is) pleaded as a remedy. (*See* Order Denying Motion to Stay, Granting Motion to Strike and Granting In Part Motion to Dismiss With Leave To Amend, August 20, 2012, Dkt. No. 251, at 31:17-24.) The claims alleged against Guillotte in the Fourth Amended Complaint are for fraud, conspiracy to defraud, and negligence. Plaintiff does not attempt to establish a likelihood of success on the elements of any of those claims. Further, Plaintiff offers no authority to establish the propriety of a "constructive trust" over money rather than real or personal property in which the defendant "holds title or some interest." *See Kraus v. Willow Park Pub. Golf Course*, 73 Cal. App. 3d 354, 373 (1977) (interest in real property).

As to irreparable injury, Plaintiff has not established entitlement to the extraordinary remedy of an asset freeze or that a damages remedy would be insufficient under the circumstances. "While a court generally has the power to preserve the status quo by equitable means [and] [a] preliminary injunction is such a means... the equitable power to freeze assets does not exist in all cases: it exists only as ancillary relief necessary to accomplish complete justice." *Reebok Int'l, Ltd. v. Marnatech Enterprises, Inc.*, 970 F.2d 552, 560 (9th Cir. 1992) (internal citations and quotations omitted). The argument that a defendant might not have sufficient funds to pay a money judgment is not, standing alone, sufficient reason to grant an asset freeze.

Finally, Plaintiff argues that Guillotte is not entitled to notice of the motion to freeze the bank account because he is in default in this action[1] and his "prior behavior indicates that if he received notice, he would empty the bank account before the matter could be heard." (Motion at 8:25-9:3.) Plaintiff offers no legal authority to support the first proposition, and no evidence to support the second.

For these reasons, the Motion is **DENIED**.

**IT IS SO ORDERED.**

This Order terminates Docket No. 600.

Date: March 4, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[1] Guillotte was served pursuant to the Order Granting Motion for Service by Publication of Summons on Defendant Curtis Guillotte filed on September 12, 2013. (*See* Dkt. No. 519.) That Order required that the Summons and Fourth Amended Complaint be mailed to 1242 Skyline Drive, Laguna Beach, California (the "Skyline Address") and 638 Camino De Los Mares, San Clemente, California (the "Camino Address"). The Order also required that the documents be e-mailed to any e-mail addresses discovered for Guillotte. Plaintiff then filed a motion for default on November 21, 2013, and supplemental declaration November 27, 2013, stating that the Fourth Amended Complaint and summons were mailed and e-mailed as required and the e-mails were returned as bad addresses. Guillotte's default was entered thereafter.

2