**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FIDELITY NATIONAL TITLE INSURANCE COMPANY**, *et al*,<br><br>        Plaintiffs,<br><br>    vs.<br><br>**JAMES C. CASTLE AKA J. CHRISTOPHER CASTLE**, *et al*,<br><br>        Defendants. | **CASE NO.: 11-CV-896 YGR**<br><br>**ORDER:**<br>  **(1) DENYING PLAINTIFFS' MOTION TO LIFT PRELIMINARY INJUNCTION FOR LIMITED PURPOSE OF ALLOWING JUDGMENT CREDITOR TO EXECUTE ON FROZEN FUNDS WITHOUT PREJUDICE (DKT. NO. 642);**<br><br>  **(2) DENYING CASTLE'S MOTION FOR PAYMENT OF FEES AND EXPENSES FROM FROZEN ASSETS (DKT. NO. 622);**<br><br>  **(3) DENYING ALTERNATIVE MOTION OF CASTLE'S COUNSEL TO WITHDRAW WITHOUT PREJUDICE** |

Defendant James C. Castle ("Castle") has filed a Motion For Payment Of Fees And Expenses From Frozen Assets, or alternatively to allow his counsel to withdraw. (Dkt. No. 622.) Following shortly thereafter, Plaintiff Fidelity National Title Insurance Company ("FNTIC") filed its Motion to Lift Preliminary Injunction For Limited Purpose of Allowing Judgment Creditor to Execute on Frozen Funds. (Dkt. No. 642.)

**I.    Motions Concerning Use of Frozen Funds**

Previously in this action, on December 5, 2011, the Court issued a Preliminary Injunction Order freezing funds in five bank accounts, belonging to three different defendants and a third party. (Dkt. No. 111.) Castle's motion seeks to unfreeze those funds to pay his counsel, since he claims inability to pay her otherwise. However, none of those accounts are in Castle's name. Although Castle argues that, as a principal of the entities (a limited liability company and an unincorporated association), he is authorized to make disbursements of the funds therein, he has not established that he is authorized to use those funds for his own personal purposes. The Preliminary Injunction Order expressly provided that Castle could petition for the use of the frozen funds for legal expenses if he could provide "evidence of his authorization to use business funds for personal purposes." (*See* Document No. 111, 3:15-17.) Having failed to do so, the motion is **DENIED**.

FNTIC seeks to lift the preliminary injunction order to pay a judgment against Castle. As with Castle's motion, there is no evidence or authority offered to show that allowing FNTIC to attach the funds in the frozen accounts would be permissible. Again, the funds are held in the name of other entities, not the judgment debtor Castle. As FNTIC concedes, the decision about whether these funds might be used to pay the judgment against Castle is a matter most appropriately decided by the court that entered the judgment. Consequently, the Court **DENIES** the motion to lift the preliminary injunction, but without prejudice to some further showing that the funds may be used to pay the state court judgment.

## II.  Motion to Be Relieved As Counsel

Castle's motion seeks, in the alternative, to allow his counsel to withdraw. Based on the present showing, the Court **DENIES** this motion **WITHOUT PREJUDICE**. The proof of service on the motion and supporting papers do not indicate that Castle was served with a copy of the motion. There is no evidence in the record to indicate that Castle was informed that his counsel, Ann McFarland Draper ("Draper"), seeks to withdraw. Likewise, there is no evidence that Castle was notified of the consequences of Draper's potential withdrawal.

Should Draper continue to seek leave to withdraw, she is directed to serve a notice of motion, declaration, and proposed form of order on Castle, and all remaining parties in the litigation, which contains all the information provided in California Judicial Council Forms MC-051, MC-052, and MC-053. (*See* http://www.courts.ca.gov/forms.htm.) Inclusion of all the information therein will ensure that Castle understands the consequences of the motion, and that Draper provides the Court and opposing parties with Castle's contact information. However, Draper must complete the briefing on the outstanding discovery dispute.

## III.  Discovery Dispute

As stated on the record, Plaintiffs are directed to file a formal motion regarding the relief they seek in connection with Castle's alleged failure to provide adequate responses to their document demands. Said motion shall be filed no later than **May 9, 2014**. Castle's response shall be filed by **May 23, 2014**. Any reply shall be filed by **May 30, 2014**. Hearing is scheduled for **June 17, 2014, at 2:00 p.m.** in Courtroom 1. Draper is hereby advised that the Court will only consider an extension if

Draper is actively in trial and provides verification of the same by the assigned trial judge. Given the history of this litigation, and this dispute particularly, no other request for extension will be entertained.

### IV. Conclusion

For the reasons stated above, **DENIES** the motions.

This Order terminates Dkt. Nos. 622 and 642.

**IT IS SO ORDERED.**

Date: April 30, 2014

                                                              _____
                                                              **YVONNE GONZALEZ ROGERS**
                                                              **UNITED STATES DISTRICT COURT JUDGE**