Stephen C. Seto (SBN 175458)
(sseto@wcjuris.com)
Kimberly A. Millington (SBN 169200)
(kmillington@wcjuris.com)
**BERGQUIST WOOD McINTOSH SETO** LLP
1470 Maria Lane, Suite 300
Walnut Creek, CA  94596
Telephone:   (925) 938-6100
Facsimile:    (925) 938-4354

Attorneys for Plaintiffs
FIDELITY NATIONAL TITLE INSURANCE
COMPANY, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>JAMES C. CASTLE aka J. CHRISTOPHER CASTLE et al.,  and Does 1 through 100, inclusive,<br><br>Defendants. | No. C-11-00896 YGR<br><br>**DECLARATION OF KIMBERLY A. MILLINGTON IN SUPPORT OF PLAINTIFF CHICAGO TITLE INSURANCE COMPANY'S MOTION TO COMPEL DEFENDANT JAMES CASTLE TO PROVIDE FURTHER RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUEST FOR SANCTIONS AGAINST CASTLE AND ANN DRAPER**<br><br>[Notice of and Motion to Compel Castle to Provide Further Responses to Request for Production of Documents and Request for Sanctions; Declaration of Stephen C. Seto; and [Proposed] Order Filed Concurrently Herewith)<br><br>Date:         June 17, 2014<br>Time:         2:00 p.m.<br>Courtroom:  1<br>Judge:        Hon. Yvonne Gonzalez Rogers<br><br>No Trial Date Set |
| And Related Cross-Actions | |

I, KIMBERLY A. MILLINGTON, declare as follows:

-1-
**DECLARATION OF KIMBERLY A. MILLINGTON**

1. I am a licensed attorney in good standing in the State of California and a contract attorney for the law firm of Bergquist Wood McIntosh Seto, LLP, attorneys for Plaintiff Chicago Title Insurance Company ("Plaintiff") in this matter.

2. Except where based on information and belief, I have personal knowledge of the facts stated in this declaration and could and would testify to them if called upon to do so.

3. I submit this declaration in support of Plaintiff's Motion to Compel Defendant James C. Castle ("CASTLE") to Provide Further Responses to Request for Production of Documents and Request for Sanctions against CASTLE and his Counsel, Ann Draper.

4. Attached as **Exhibit "1"** is a true and correct copy of the Request for Production of Documents ("RFP") Plaintiff served on CASTLE.

5. Attached as **Exhibit "2"** is a true and correct copy of Response of James C. Castle to RFP.

6. After the status conference on March 24, 2014, Ms. Draper indicated to me and Mr. Seto outside the Courthouse that some of the documents she had sent in response to the RFP were not CASTLE's documents but documents that she just had "lying around."

7. On March 31, 2014, Ms. Draper and I appeared before the Court at the compliance hearing. The Court questioned Ms. Draper about the documents and why she had not produced them in compliance with the Court Order from January (Dkt. 547). She asked Ms. Draper if her trial had gone forwarded and Ms. Draper responded that it had not. I raised issues regarding the very small number of documents that were being produced, the fact that it was not clear what documents belonged to CASTLE and which documents were just "lying around", the fact that absolutely no correspondence such as e-mails, and the fact that the production was not verified. After a lengthy conference, the Court ordered me and Ms. Draper to meet and confer at the Courthouse regarding the responses.

8. Ms. Draper and I met and conferred alone for approximately an hour. While it appeared that some progress was made (such as Ms. Draper telling me that the document production should be considered as initial disclosures and not actually responsive to the RFP as well as some agreements regarding the meaning and breadth of the requests), when we met with

the Court's research attorney about the results of the meet and confer, much changed.

9. Ms. Draper and I met with the Court's research attorney to go over what happened during the meet and confer but many of the issues that seemed to have been resolved were raised again. Finally, Ms. Draper agreed that she would provide an amended response on behalf of CASTLE to the RFP.

10. Attached as **Exhibit "3"** is a true and correct copy of Amended Response of James C. Castle to RFP ("Amended Response").

11. On April 22, 2014, I prepared a Joint Statement in compliance with this Court's Order. (Dkt. 652.) The Joint Statement included Plaintiff's statement regarding CASTLE's compliance and requesting that the compliance hearing remain on calendar. I e-mailed it to Ms. Draper when it was completed at 5:24 p.m. on April 22, 2014, and due to scheduling issues, asked Ms. Draper to provide any changes to the draft Joint Statement portion and any additional statement she had by 1:00 p.m. on the due date, April 23, 2014, to ensure it was filed timely. Ms. Draper responded by electronic mail at 10:19 a.m. on April 23, 2014 that she had a death in her family and asked that someone else from Plaintiff's counsel's office be available to meet and confer with her in the afternoon. I responded at 10:36 a.m. that as no one was available from Plaintiff's firm in the afternoon to meet and confer, I would file a statement on behalf of Plaintiff only. Ms. Draper did not respond back but then e-mailed me at 12:56 p.m. saying she was attaching her changes although no changes were attached. I sent her an e-mail that I was about to leave and there was no attachment, and Ms. Draper provided her changes at 1:07 p.m. and the Joint Statement was filed with this Court.

12. On April 29, 2014, the parties attended the compliance hearing. The Court questioned the parties for a great deal of time and went through the various issues that Plaintiff still had with the responses and the lack of documents that were produced. The Court questioned Ms. Draper extensively about the voluminous objections that were made in the responses. Ms. Draper confirmed that the sole objections that applied were attorney-client privilege, attorney work product doctrine, and her claim that the joint defense privilege also applied. She maintained that the objections were made to preserve the objections for the future. She also claimed that

1  CASTLE had no other responsive documents other than about 300 e-mails which she had not yet
2  reviewed. At no time during any of our meeting and conferring did Ms. Draper indicate that
3  CASTLE had no other responsive documents and in fact, made comments that made it clear
4  CASTLE had not searched for such documents.

5         13.    Attached as **Exhibit "4"** are true and correct copy of documents provided by Ms.
6  Hangarter to Mr. Seto that are related to the transaction involving her property on Stone Drive.

7         14.    I spent 31.3 hours preparing Plaintiff's Statement (Dkt. 648), preparing for and
8  attending the compliance hearing on March 31, 2014, reviewing the Amended Response and
9  caselaw cited in it, preparing the Joint Statement (Dkt. 668), reviewing the documents produced
10 by CASTLE, preparing for and attending the compliance hearing on April 29, 2014, and preparing
11 this Motion and supporting documents. Mr. Seto charges his client $280.00 an hour for my time.
12 This hourly rate is reasonable as I have been practicing litigation for 21 years and have tried 7
13 cases to verdict, I was formerly the Managing Attorney of the branch offices for two law firms,
14 and I currently have my own practice which includes being a panel attorney for the Bar
15 Association of San Francisco. I spent a total of 31.3 hours, for a total of $8,764.00 in attorney's
16 fees related to this discovery dispute.

17        15.    Mr. Seto's declaration sets forth that he spent a total of $5,512.50 in fees regarding
18 this discovery dispute. Thus, my time of $8,764.00 plus Mr. Seto's time of $5,512.50 total
19 $14,276.50 in fees related to this discovery dispute.

20        This declaration is executed at Walnut Creek, California this 9th day of May 2014. I
21 declare under the penalty of the laws of the United States that the above is true and correct.

22                                          /s/ Kimberly A. Millington
                                            KIMBERLY A. MILLINGTON
23