| | |
|---|---|
| 1 | Stephen C. Seto (SBN 175458) |
| | (sseto@wcjuris.com) |
| 2 | **BERGQUIST WOOD McINTOSH SETO** LLP |
| | 1470 Maria Lane, Suite 300 |
| 3 | Walnut Creek, CA  94596 |
| | Telephone:   (925) 938-6100 |
| 4 | Facsimile:    (925) 938-4354 |
| 5 | Attorneys for Plaintiffs |
| | CHICAGO TITLE INSURANCE COMPANY, ET AL. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, et al., | No. C-11-00896 YGR |
| Plaintiffs, | **CHICAGO TITLE INSURANCE COMPANY'S APPLICATION FOR AN ORDER TO SHOW TO CAUSE WHY DEFENDANT AND HIS COUNSEL SHOULD NOT BE HELD IN CONTEMPT AND SANCTIONED FOR FAILURE TO COMPLY WITH AUGUST 11, 2014 ORDER** |
| vs. | |
| JAMES C. CASTLE aka J. CHRISTOPHER CASTLE et al.,  and Does 1 through 100, inclusive, | |
| Defendants. | |
| And Related Cross-Actions | Ctrm:  1 |
| | Judge:  Hon. Yvonne Gonzalez Rogers |
| | No Trial Date Set |

Plaintiff Chicago Title Insurance Company hereby respectfully requests that the Court issue an Order to Show Cause why Defendant James C. Castle and his counsel, Ann M. Draper, should not be held in contempt and sanctioned for failing to pay $5,600 in sanctions to Plaintiff as required by this Court's Order dated August 11, 2014 [Dkt No. 701] ("Sanctions Order").

**ARGUMENT**

On August 11, 2014, the Court issued the Sanctions Order requiring that Castle and Ms. Draper **immediately** pay Plaintiff $5,600 in sanctions for various discovery abuses.  The

-1-

**PLAINTIFF'S APPLICATION FOR OSC RE: CONTEMPT**

{00027849.1}

Sanctions Order also states that "Further sanctions may be warranted if Castle and his counsel persist in the stonewalling behavior exhibited thus far."

On August 25, 2014, Plaintiff sent a letter to Ms. Draper stating it had not received the sanctions payment (which was two weeks overdue) and warning her that if payment was not received by close of business on August 26, 2014, it would be forced to seek Court relief and additional sanctions. On August 26, 2014, at 9:31 p.m., Ms. Draper sent Plaintiff an e-mail stating she was in a settlement conference in Los Angeles and would contact Plaintiff about its letter. The e-mail says nothing about when or if Castle intended to comply with the Sanction Order.

The refusal to abide by an order constitutes a contempt of court. *Suntex Dairy v. Bergland*, 591 F.2d 1063, 1068 (5th Cir. 1979). It is well established that the court has the inherent power and statutory authority to punish such contempt and to coerce compliance with its orders. *International Union, UMWA v. Bagwell*, 512 US 821, 831–832 (1994); 18 USC §§ 401–402. An award of attorney fees for civil contempt is within the district court's discretion. *Harcourt Brace Jovanovich Legal & Prof. Pub., Inc. v. Multistate Legal Studies, Inc*., 26 F.3d 948, 953 (9th Cir.1994).

As of the date of this Motion, Plaintiff has not received any payment from Castle or Ms. Draper. Consequently, Plaintiff hereby respectfully requests that the Court issue an Order to Show Cause why Castle and his counsel should not be: (1) held in contempt for failing to comply with the Sanction Order; (2) sanctioned in a manner that coerces them to comply with the Sanction Order; and (3) sanctioned an additional $777.50 which represents Plaintiff's attorney's fees that it incurred in bringing this Motion.

Dated:   August 27, 2014            **BERGQUIST WOOD McINTOSH SETO LLP**

/s/ Stephen C. Seto
STEPHEN C. SETO
Attorneys for Plaintiff Chicago Title Insurance Company