Case4:11-cv-00896-YGR Document701 Filed08/11/14 Page1 of 8

[Handwritten annotations across page: "Accepted for consideration by printer on special deposit with intent and purpose of benefit, groomer, of Defendant / return for settlement in full, by awful payment by JAMES CHRISTOPHER CASTLE" and "without prejudice 2014 grantor/settler JAMES CHRISTOPHER CASTLE"]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> JAMES C. CASTLE AKA J. CHRISTOPHER CASTLE, et al., <br><br> Defendants. | Case No.: 11-CV-896 YGR <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUEST FOR SANCTIONS |

On May 9, 2014, Plaintiff Chicago Title Insurance Company ("Chicago Title") filed its Motion to Compel Defendant James Castle to Provide Further Responses to Request for Production of Documents and Request for Sanctions. (Dkt. No. 673.) Plaintiff Chicago Title seeks an order compelling Defendant James C. Castle ("Castle") to: (1) provide amended responses that contain a statement as to whether or not Castle has responsive documents and only the objections Castle is relying upon to withhold documents responsive to each particular request; (2) prepare a privilege log of all withheld documents; (3) produce to the Court for *in camera* review all documents withheld on the basis of the attorney-client, attorney work product, and joint defense privileges so the Court can determine if the privileges or the crime-fraud exception apply; and (4) produce all documents responsive to the RFP that are not alleged to be privileged. Plaintiff further seeks sanctions in the amount of $14,276.50 against Castle and his counsel of record, Ann McFarland Draper.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby GRANTS the Motion to Compel Further Responses to Request for Production and the Request for Sanctions. Defendant Castle has failed to meet his discovery obligations in responding to the Requests for Production, despite the Court's prior direction and significant time meeting and conferring with Plaintiff on these issues. Defendant is

therefore **ORDERED** to provide further responses as stated herein, including a privilege log detailing the asserted bases for withholding responsive documents. Further, Defendant Castle and his counsel are **ORDERED** to pay to Plaintiff Chicago Title and its counsel sanctions in the amount of **$5,600.00** for the persistent delay and obstruction that occasioned this motion.

I. RELEVANT PROCEDURAL HISTORY

Over a year ago, on July 11, 2013, Chicago Title propounded a Request for Production of Documents ("RFP") on Castle. Castle's response, served August 21, 2013, consisted only of objections. Chicago Title raised the inadequacy of the responses with the Court in the context of the March 24, 2014 case management conference and the Court continued that conference to March 31, 2014, for the sole purpose of confirming that Castle had served an amended response and responsive documents as Castle's counsel represented she would do. (Dkt. No. 641.) Plaintiff's status report in advance of the March 31, 2014 conference indicated that Castle's amended responses did not identify the documents responsive by request, asserted boilerplate objections including various privileges, and lacked any verification that the documents were Castle's responsive documents.

The parties appeared on March 31, 2014, at which time the Court inquired of Castle's counsel regarding her amended responses and the nature of her objections. After a lengthy conference, the Court ordered counsel to meet and confer at the courthouse regarding the responses and continued the matter for further status regarding compliance to April 28, 2014. On April 1, 2014, the parties submitted a stipulation and order (entered April 2, 2014 by the Court), in which Castle agreed to serve amended, verified responses on or before April 21, 2014. Castle served amended responses on April 21, 2014, verified by Castle. However, at the compliance hearing, and in the joint statement of the parties that preceded it (Dkt. No. 668), Chicago Title contended that the amended responses still did not identify which documents were responsive to the requests and still asserted boilerplate privilege objections. In light of the continued dispute, the Court directed Chicago Title to file the instant motion to compel.

II. APPLICABLE AUTHORITY

Rule 37(a)(3)(B)(iv) of the Federal Rules of Civil Procedure provides that a party may move for an order compelling an inspection of documents, and Rule 37(a)(4) provides that an evasive or

2

incomplete response must be treated as a failure to respond. In response to a request for production of documents, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." FRCP 34 (b)(2)(B). Rule 26 requires that a party withholding information under a claim of privilege or work product protection: "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." FRCP 26(b)(5)(A).

## III. DISCUSSION

### A. REQUEST FOR FURTHER RESPONSES

Plaintiff's requests fell into three general categories: (1) requests related to particular properties, by address; (2) requests related to entity defendants; (3) requests for communications between Castle and identified defendants. The Court first addresses issues common to all categories of requests and then turns to particular issue within the categories.

The Court agrees with Plaintiff that Castle's Amended Responses to the RFP are insufficient. The responses fail to identify which documents produced, if any, are responsive to which request. The 27 different objections stated generally as to all the requests are inappropriate. In particular, blanket objections based upon privilege are "extremely disfavored." *Clarke v. American Commerce Nat. Bank*, 974 F.2d 127, 129 (9th Cir.1992) (internal citation omitted). Withholding of responsive documents based upon privilege must "ordinarily be raised as to each record sought to allow the court to rule with specificity." *Id.*

The Court therefore **ORDERS** that Castle provide further responses stating whether or not he has documents responsive *to each request* in his possession, custody, and control (including in the control of his current and former counsel). *See* FRCP 34(b)(2)(B), (C); *Johnson v. Askin Capital Mgmt., L.P.*, 202 FRD 112, 113 (S.D. N.Y. 2001) (party must produce documents in the possession of its present or former counsel). It is not sufficient for Castle to simply say that documents responsive "have been" or "will be" produced without specifying which documents respond to which request. Castle shall provide an amended response to the RFP specifically identifying the responsive

3

documents and, to the extent not already produced in a readily identifiable manner, shall serve copies of the responsive documents. If the documents have been produced previously, the amended response may refer to the responsive documents by page number, Bates number, or other document control number. Responsive documents include any and all documents in Castle's possession, custody, or control, *including* the possession, custody, or control of his counsel.

Further, Castle must state whether responsive documents are being withheld from production as to each particular request, and must state the particular basis for withholding. If Castle is withholding documents based upon a privilege, he must identify the privilege(s) specifically, and provide enough information for Plaintiff and the Court to make an initial determination of whether such privilege might apply.

Given Castle's failure to provide specific information in the previous iterations of his responses, the Court finds that Castle must provide a privilege log, so that the nature of the documents withheld and Defendant's asserted objection(s) are set forth with sufficient specificity to permit Plaintiff and the Court to assess the propriety of the objections. FRCP 26(b)(5)(A). Defendant is ORDERED to produce, in connection with his amended responses, a privilege log identifying each withheld document by: title or nature of the document; subject; format (*i.e.*, email, etc.), number of pages; date; author; recipients (including all addressees, carbon copies, and blind copies); privilege(s) asserted and brief explanation of the basis, as necessary. *Cf. Khasin v. Hershey Company* (N.D. Cal., 2014), 2014 WL 690278 at *2 (citing *In re Grand Jury Investigation* (9th Cir. 1992) 974 F.2d 1068, 1071) (describing what constitutes adequate privilege log for demonstrating applicability of attorney-client privilege under Ninth Circuit precedent). To the extent Castle contends that providing some portion of this information for a document would itself reveal confidential information protected by the attorney-client or work product privileges, he shall provide so much of the information as will not waive the privilege and explain the basis for withholding the remainder.

### 1. Documents Related to Particular Properties Identified by Address

Requests 1-10 call for "any and all documents that refer or relate to" the identified properties. Documents potentially responsive to these requests include any copies of recorded documents, regardless of whether such recorded documents are "equally available" to Chicago Title.

The Court notes that, in response to the motion, Castle contended that he asserted certain objections only to preserve the privilege as to responsive documents that might be privileged, "*but his search did not find any such documents.*" (Oppo. at 3:23-25, emphasis supplied.) In providing further responses, Castle must only assert privilege objections as to documents withheld on account of those objections. However, the Court acknowledges that Castle has reserved the right to assert any applicable privilege objection as to later-discovered documents.

### 2. Documents Related to Entity Defendants

Requests 11-14 seek documents referring to or related to Oreplex International, GJZ Group, AFOG Group, and Recontrust Company. Here again, Castle argues that he asserted various privileges and objections simply to preserve them. However, his opposition to the motion as to these requests does *not* say that "his search did not find any such documents." (Oppo. at 4:17-19.) Consequently, and in light of his response to other requests, the Court is left to assume that Castle *has* withheld documents responsive to these requests, without sufficiently indicating the nature of the documents withheld and the reasons therefor.

Documents responsive to these requests will include any and all documents in Castle's possession, custody, or control, including the possession, custody, or control of his counsel related to any transactions, properties, *or allegations* in this case. Documents in the possession of counsel on account of her legal services in another matter *not involving the parties here* would not be responsive.

### 3. Communications Between Castle and Other Defendants

Requests 15-35 seek production of communications between Castle and identified individual defendants, as well as communications between Castle and Golden Hills Trust. Castle objects that these requests necessarily call for documents protected by attorney-client privilege, work product, and the joint defense extensions of those privileges.

The Court disagrees that these requests "necessarily call for" privileged documents. The concept of a joint defense privilege does not apply to communications between co-defendants *generally*, but only to communications to one's attorney disclosed to third parties in the context of a joint effort to provide a common legal defense or strategy. *See Continental Oil Co. v. United States*, 330 F.2d 347, 350 (9th Cir.1964) (recognizing a joint-defense privilege over communications made among potential codefendants and their counsel). "[A] party claiming joint defense privilege bears the burden of showing '(1) the communication is made by separate parties in the course of a matter of common [legal] interest; (2) the communication is designed to further that effort; and (3) the privilege has not been waived.'" *Narog v. City of Redwood City*, C-13-03237 DMR, 2014 WL 1088297 at *4 (N.D. Cal. Mar. 17, 2014) (*quoting Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007)). A joint defense or common defense privilege "protects *only* those communications that are part of an on-going and joint effort to set up a common defense strategy." *Holmes v. Collection Bureau of Am., Ltd.*, C 09-02540 WHA, 2010 WL 143484 at *2 (N.D. Cal. Jan. 8, 2010) (emphasis supplied).

In his opposition to the motion on these requests, Castle again indicates that he asserted the privileges to preserve them. However, he never clearly states that he has *not* withheld any responsive documents based on these privileges. And, while Castle assures the Court that he is not asserting a joint defense privilege to withhold "underlying transaction documents, or pre-litigation communications between co-defendants relating to those transactions," he does not provide sufficient information for the Court or Plaintiff to test that statement's veracity. (Oppo. at 8:18-20.)

Finally, Castle appears to have excluded from his responses any communications that do not relate specifically to the properties or transactions here. This exclusion is improper. For example, to the extent Castle communicated with the identified parties about such topics as the "administrative default" procedure or process, short sales, or reconveyances of deeds of trust, such information could lead to admissible information here, and would be responsive to the request. Castle's attempt to limit the request is unjustified.

### B. REQUEST FOR *IN CAMERA* REVIEW

Plaintiff's request for an order to produce the allegedly privileged documents for review in camera is **DENIED WITHOUT PREJUDICE**. Until Plaintiff and the Court are able to see more details on the documents withheld and the privileges asserted, such a request is premature. Before a district court may engage in *in camera* review at the request of the party opposing the privilege, that party must present evidence sufficient to support a reasonable belief that *in camera* review may yield evidence that establishes that the documents are is not privileged. *United States v. Zolin*, supra, 491 U.S. at 574-575. Without that additional information, the Court cannot determine whether Castle has invoked any privilege properly or if an *in camera* review to assess the validity of any objection might be warranted.

### C. SANCTIONS

Rule 37(a)(5)(A) provides that a Court must require a party or its attorney, or both, to pay the moving party's reasonable expenses incurred in making a motion to compel, including attorney's fees, unless the opposing party's position was substantially justified or other circumstances make an award of sanctions unjust. Here, the Court finds that Castle's conduct and opposition to the motion were not substantially justified and that Plaintiff Chicago Title is entitled to reasonable attorneys' fees incurred in making the motion. Plaintiff and this Court have been required to spend unnecessary of time and resources to simply get Castle to respond as required under the Federal Rules. Moreover, given Castle's counsel's representation that Castle has left the country and become more difficult to contact, the delay in providing proper responses may well have resulted in spoliation of evidence.

The Court finds that a reasonable award of attorneys' fees in connection with this motion is $5600, based upon a partial award of the hours reported by Ms. Millington in bringing this motion. The Court agrees that time spent drafting the request itself and early meet and confer efforts are not compensable in connection with this motion. Given the active role counsel for Castle has played in hampering discovery, she will not be permitted to withdrawn until this issue is resolved.

7

### IV. CONCLUSION

Defendant James C. Castle and his counsel are **ORDERED** to serve further amended responses consistent with this Order no later than September 12, 2014. Defendant James C. Castle and his counsel are **ORDERED** to pay to Plaintiff Chicago Title sanctions in the amount of **$5,600.00** immediately. Further sanctions may be warranted if Castle and his counsel persist in the stonewalling behavior exhibited thus far.

**IT IS SO ORDERED.**

Date: August 11, 2014

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE