**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FIDELITY NATIONAL TITLE INSURANCE COMPANY**, *et al*,<br><br>            Plaintiffs,<br><br>     vs.<br><br>**JAMES C. CASTLE AKA J. CHRISTOPHER CASTLE**, *et al*,<br><br>            Defendants. | **Case No.: 11-CV-896 YGR**<br><br>**ORDER RE: PLAINTIFF CREDIT ONE, LLC'S MOTION TO REVISE OCTOBER 31, 2014 JUDGMENT** |

The Motion Plaintiff Credit One, LLC ("Credit One") to Revise October 31, 2014 Judgment Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure is set for hearing on Tuesday, February 24, 2015, at 2:00 p.m. Credit One shall be prepared to address the propriety of amending the partial judgment against Curtis Guillotte to include a finding of "no just reason for delay" under Rule 54(b), or if the partial judgment should instead be vacated.

In this action, Credit One has alleged liability of other defaulted and non-defaulted defendants, including defendants James C. Castle, Oreplex International, and Todd Smith, on the same claims concerning the same "Via Divertirse Scheme" alleged against Guillotte. While these other defendants are alleged in the Fourth Amended Complaint to be liable for fraud and conspiracy to defraud along with Guillotte, their liability has not yet been determined.

As a general rule, when a plaintiff "alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001). This rule arises, in part, because "if an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants." *Id.* Even if joint liability of the defendants is not alleged, it may be "incongruous and unfair" to

allow a default judgment to be entered against one defendant on the same legal theory that is rejected as to the answering defendant in the same action. *Id.* Such incongruities would constitute "just reason for delay" in entering an enforceable partial judgment before all liabilities are determined.

Credit One, and all other Plaintiffs, shall also be prepared to address their plan and order for proceeding as to the defaulted and non-defaulted defendants, including: (1) whether their alleged liability is joint, several, or joint and several; and (2) whether a partial judgment prior to resolution of the claims against all remaining defendants would be proper.

Alternatively, Plaintiffs may submit a written response on these issues no later than **February 20, 2015**. If the Court is satisfied with the written response, it may vacate the hearing on February 24, 2015.

**IT IS SO ORDERED.**

Date: February 13, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**