UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ALLY BANK, *et al.*,<br><br>            Plaintiffs,<br><br>    v.<br><br>LARA KARAKASEVIC, *et al.*,<br><br>            Defendants. | Case No. 11-cv-00896-YGR   (NJV)<br><br>**REPORT AND RECOMMENDATION**<br>Re: Dkt. No. 797 |

Before the court is the Motion for Sanctions against Defendant James C. Castle filed by Plaintiffs Fidelity National Title Insurance Company, Chicago Title Insurance Company and Commonwealth Title Insurance. (Doc. 797). Plaintiffs move the court for an order striking Castle's Answer as a sanction for repeatedly refusing to comply with the court's orders. The matter came on for hearing on July 29, 2015 at 11:00 a.m.. Castle failed to respond to the Motion and failed to attend the hearing. For the reasons stated below, it is the RECOMMENDATION of the undersigned Magistrate Judge that the Motion for Sanctions (Doc. 797) be GRANTED and Castle's Answer STRICKEN.

**I.    BACKGROUND**

On July 24, 2014, the District Judge entered an Order referring this case to the undersigned to conduct a settlement conference. (Doc. 693). On September 30, 2014, the court conducted a telephonic status conference and continued the matter to November 4, 2014. (Doc. 732). On November 4, 2014, the court conducted a second telephonic status conference. (Doc. 732). Castle did not appear, despite receiving notice, and the matter was continued to February 17, 2015 and then eventually to March 3, 2015. (*Id*; Doc. 771). Castle was given notice of the March 3

hearing. (Doc. 771-2). On March 3, 2015, the court conducted a third telephonic status conference. (Doc. 732). Castle again did not appear despite having received notice. (Doc. 780). At the third status conference, the court scheduled a settlement conference for May 8, 2015 at 9:00 a.m. and specifically ordered Castle to appear in person. (Doc. 780). Castle received notice of the May 8 hearing and Order to Appear. (Doc. 780). Castle failed to appear for the conference. *See* Minute Entry of May 8, 2015 (Doc. 791 text only entry). The present motion came on for hearing on July 29, 2015. Because the Motion seeks severe sanctions against Castle for failing to abide by the orders of the court and for failing to appear, the court ordered that Castle appear for the hearing. Again Castle failed to appear.

**II.   DISCUSSION**

District courts are empowered to conduct settlement conferences under the Federal Rules of Civil Procedure and 28 U.S.C. § 473(b)(5). Moreover, a court may impose sanctions for a party's failure to comply with a settlement conference order under Federal Rule of Civil Procedure 16(f) that provides in pertinent part:

> (1) On motion . . . the court may issue any just orders, including, those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party (A) fails to appear at a scheduling or other pretrial conference; (B) . . . does not participate in good faith – in the conference or (c) fails to obey a schedule or other pretrial order.

Rule 37(b)(2)(A)(ii)-(vii) sanctions include (iii) striking pleadings in whole or in part or (vi) rendering a default judgment against the disobedient party. A settlement conference order is a pretrial order within the meaning of Rule 16(f). *See Henderson v. Boneventura*, 2014 WL 293297, at *2 (D. Nev. Jan. 24, 2014).

> "Indeed, the Ninth Circuit has upheld repeatedly sanctions imposed for failing to comply with orders regarding settlement conferences. *See, e.g., Lucas Auto.,* 275 F.3d at 769 (affirming sanctions for failure to attend mediation with appropriate representative); *Official Airline Guides, Inc. v. Goss,* 6 F.3d 1385, 1396 (9th Cir. 1993) (affirming sanctions for failure to comply with order to have representative with settlement authority available by telephone during settlement conference); *Ayers v. City of Richmond,* 895 F.2d 1267, 1270 (9th Cir. 1990) (affirming sanctions for attorney who failed to appear at scheduled settlement conference)."

*Weir v. Forman Auto. Grp.*, 2013 WL 756353, at *1 (D. Nev. Feb. 26, 2013). "Even more

specifically, courts may certainly sanction parties for violating a specific court order to appear in person at a settlement conference." *Bartholomew v. Burger King Corp.*, 2014 WL 7419854, *3 n.2 (D. Haw. Dec. 30, 2014).

The sanction requested by Plaintiffs is certainly severe. The court has considered less severe alternatives. However, Castle's repeated failures to appear for status conferences and the settlement conference, along with his failure to oppose the present Motion and to appear for the hearing on the Motion evidence Castle's intent to continually defy any order by this court to appear. Moreover, considering the unopposed allegations by Plaintiffs that Castle "is hiding in New Zealand from an outstanding arrest warrant for tax fraud," Motion (Doc. 797) at 6, the court finds that no monetary or other contempt sanction will be have any impact on Castle.

## III. CONCLUSION

Accordingly, for the reasons stated above, it is the RECCOMENDATION of the undersigned that the Motion for Sanctions (Doc. 797) be GRANTED and Castle's Answer STRICKEN.

Plaintiffs shall serve a copy of this Report & Recommendation upon Defendants. Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civ. L.R. 72-3. Failure to file an objection may waive the right to review of the issue in the district court.

**IT IS SO ORDERED**.

Dated: August 4, 2015

_____
NANDOR J. VADAS
United States Magistrate Judge