**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FIDELITY NATIONAL TITLE INSURANCE COMPANY**, *et al*,<br><br>    Plaintiffs,<br><br>  vs.<br><br>**JAMES C. CASTLE AKA J. CHRISTOPHER CASTLE**, *et al*,<br><br>    Defendants. | Case No.: 11-cv-896 YGR<br><br>**ORDER UNSEALING DOCUMENTS FILED UNDER SEAL; DENYING REQUESTS TO SEAL, EXPUNGE, AND DISMISS; GRANTING MOTION FOR ENTRY OF DEFAULT AGAINST JAMES C. CASTLE AKA J. CHRISTOPHER CASTLE**<br><br>**(DKT. NOS. 889, 892, 898)** |

On October 26, 2015, Defendant James C. Castle submitted to the Court a set of documents marked "Document Under Seal" and "Special Cause." (Dkt. No. 889.) Based upon the label on the documents, the Clerk of the Court filed them on the docket in the instant matter and sealed them from public access.

The documents included a letter from Castle addressed to the undersigned and to Magistrate Judge Maria-Elena James regarding "Notice of Intent to Harm." (*Id.* at 3.) In the letter, Castle states:

> "It is equally clear that this COURT has no personal or subject matter jurisdiction as this action is public in nature, whilst I, the real man, am private. This is a case of mistaken identity. I, James Christopher Castle, the real man, am the grantor/beneficiary for the JAMES CHRISTOPHER CASTLE fiction."

(*Id.*) The letter goes on to state:

> Under the rules of Private Equity, I require the Court:
>     1) A Chancellor to settle this <u>entire</u> matter (acceptance and return of true
>     bill for settlement is previously in receipt by the CLERK and this COURT

and is appropriately "restricted" within 4:11-cv-00896-YGR, docket 867,[1] Attachment 1) under the rules of chancery court equity;
2) Appoint [Stephen C. Seto, counsel for Plaintiffs] to fulfill the outstanding fiduciary responsibilities of the remaining existing trusts;
3) Seal the entire private, confidential, proprietary matter- especially any additional private documents publically listed in the docket of 4:11-cv-00896-YGR;
4) Expunge/cause to expunge all public reference, including but not limited to Public Access to Court Electronic Records and Internet of this entire matter.

(*Id.* at 4.) The filing at Docket 889 also includes, among other things: a notary certificate, a document titled "durble [*sic*] power of attorney" referencing Castle, and a document titled "Declaration of Living Trust THE JAMES CHRISTOPHER CASTLE TRUST." (*Id.* at 5-13.)

On December 1, 2015, Castle filed a document titled "Response and Order for a Motion to Dismiss." (Dkt. No. 892.) In this filing, Castle indicates that he "disputes the entirety, all 1-356 points, of this claim." (*Id.* at ¶ 5.) Paragraph 8 of the filing states that "Respondent hereby files an ORDER FOR A MOTION TO DISMISS with prejudice for lack of subject matter jurisdiction…." (*Id.* at ¶ 8.)

The Court having reviewed these filings now **ORDERS** as follows:

First, the documents filed under seal at Docket Nos. 867 and 889 are ordered **UNSEALED**. No good cause has been shown for filing these documents under seal. Indeed, no motion to seal was ever filed with respect to these documents. The Court observes no reasonable basis for sealing the documents. The Clerk of the Court is directed file them in the public docket forthwith.

Second, Castle has offered no factual or legal basis for his requests to seal the entire docket, to expunge the record of the case from the PACER system and the internet, to appoint Plaintiff's counsel as a fiduciary of any trust; or to make any orders with respect to settlement by a chancellor. Thus the requests in the document filed at Docket No. 889 are **DENIED**.

Third, and finally, Castle's assertion that this Court lacks subject matter jurisdiction, and his request to dismiss the action, are without merit and are **DENIED**. Nothing in the documents filed by

---

[1] The document referenced at Docket No. 867 is a nearly identical "Notice of Intent to Harm" and accompanying documents submitted by "Lara Ann Castle," who the Court believes to be Defendant Lara Karakasevic, wife of Defendant James Christopher Castle. This document was also filed by the Clerk of the Court, in part, under seal at the request of the filing party. No motion to seal or basis for sealing was offered in connection with this filing.

Castle indicates that the Court does not have subject matter jurisdiction of the claims in this action. Plaintiffs have alleged a basis for this Court's subject matter jurisdiction under 28 U.S.C. section 1331 because their third and fourth causes of action are brought under a federal statute, 18 U.S.C. section 1962(c) and (d), the Racketeering Influenced and Corrupt Organizations Act ("RICO"), and their remaining claims arise from the same case or controversy as the RICO claims, giving rise to supplemental jurisdiction under 28 U.S.C. section 1367.  Castle has not offered any legal authority or evidentiary basis for finding that assertion of federal jurisdiction to be incorrect.  His apparent contention that, as a "real man" he is not the same as the fictional, capitalized "JAMES CHRISTOPHER CASTLE," and is therefore not subject to suit in a public forum, is nonsensical.

The Court notes that, on August 27, 2015, it struck Castle's answer as a sanction in this action for his repeated failure to comply with this Court's orders.  (Dkt. No. 818.)  Since the entry of that Order, Castle has filed a September 10, 2015 "Notice of Interest (Dkt. No. 829)[2]; and the "Response and Order for a Motion to Dismiss" (Dkt. No. 892).  None of Castle's filings has objected to the Court's imposition of sanctions or striking of his answer, or otherwise sought leave to file an answer.  Consequently, the Motion for Entry of Default at Docket No. 898 is **GRANTED**.  The Clerk is directed to enter the default of Defendant James C. Castle, aka J. Christopher Castle.

This Order terminates Docket Nos. 889, 892, and 898.

**IT IS SO ORDERED.**
Date: January 11, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[2] The Notice of Interest is largely unintelligible but seems to indicate that, in an action filed in the Superior Court for the State of California, County of Orange, that court was "appointed" as a "trustee" of the real property at interest in that litigation.  (Dkt. No. 829.)  The Notice of Interest's relevance to or legal effect on the instant proceedings is not apparent.

3