UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLY BANK, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>LARA KARAKASEVIC, et al.,<br><br>    Defendants. | Case No. 11-cv-00896-YGR (MEJ)<br><br>**ORDER REQUESTING FURTHER BRIEFING**<br><br>Dkt. No. 951 |

    Plaintiffs originally filed their Motion for Attorneys' fees on April 26, 2016.  *See* Original Mot., Dkt. No. 916.  The undersigned issued a Report and Recommendation ("R&R") on that Motion recommending the presiding judge deny it without prejudice on several grounds.  *See* First R&R, Dkt. No. 937.  First, Plaintiffs had failed to explain whether they had exercised billing judgment and whether they eliminated excessive, duplicative, and unnecessary hours from the fee request.  *Id*. at 1-2.  Second, Plaintiffs had not demonstrated their rates were in line with the prevailing market rates of the relevant community.  *Id*. at 2.  Third, Plaintiffs made no effort to explain how the "tort of another" doctrine applied to this case, such that all defendants were liable for all fees incurred.  *Id*.  The presiding judge adopted the First R&R and ordered Plaintiffs to submit supplemental briefing and evidence curing the defects identified in that R&R.  Order Adopting First R&R, Dkt. No. 939.

    Plaintiffs submitted supplemental briefing in response.  Mot., Dkt. No. 951; MPA, Dkt. No. 952.  Having reviewed Plaintiffs' responses, the undersigned now requests additional information on the following issues:

    (1)    The billing statements attached to Stephen Seto's Declaration list numerous entries for time billed by "DHM" and "DVS."  *See* Seto Decl., Ex. E, Dkt. No. 955-1.  Seto does not

identify these timekeepers in his Declaration, and the undersigned therefore cannot determine whether their hourly rates of $160 and $295 are reasonable.

(2) Plaintiff has summarized the hours billed per category of Defendant. *See* Seto Decl., Ex. D. In addition, for each timekeeper for whom Plaintiffs are seeking to recover fees, please summarize the total hours billed over the course of the action.

(3) Plaintiffs seek to recover either $25,419.21 or $22,100.26 in costs. *Compare* MPA at 11, *with* Seto Decl. ¶ 11. To support their request, they submitted approximately 350 pages of bills, highlighting the expenses they contend are recoverable. *See* Seto Decl., Ex. F. Please summarize the costs requested, identify which category allowable by Civil Local Rule 54-3 and/or 28 U.S.C. § 1920 each cost may be recovered under, confirm that each item requested conforms with the requirements of the Local Rule and/or Section 1920, and clarify the total amount of costs Plaintiffs are seeking to recover. "[I]t is not the Court's job to scour the record to justify Plaintiffs' request." First R&R at 1.

(4) Do Plaintiffs still seek attorneys' fees from the Individual Homeowner Defendants? The presiding judge entered default judgment against Defendant Guillotte, the Young Defendants, and the Eweis Defendants, but only on Plaintiffs' fraud, conspiracy to defraud, and negligence claims. *See* Dkt. Nos. 704 (R&R re: Guillotte); 730 (Order Adopting Guillotte R&R); 769 (R&R re: Young Defs.); 785 (R&R re: Eweis Defs.); 909 (Order Adopting R&Rs re: Young and Eweis Defs.). Plaintiffs thus cannot recover attorneys' fees from these Defendants pursuant to the mandatory provisions of 18 U.S.C. § 1964(c) (prevailing plaintiff in civil action brought under Racketeer Influenced and Corrupt Organizations ("RICO") Act "shall" recover reasonable attorneys' fees). Moreover, Plaintiffs appear to have abandoned their "tort of another" theory, but have not identified a legal basis for recovering fees from these Defendants. If Plaintiffs still steek to recover attorneys' fees from these Defendants, what is Plaintiffs' *legal* basis for doing so?

(5) Similarly, Plaintiffs argue Defendants Karakasevic, Di Chiara, Smith, Shon-Te-East-A, and Walks With Spirit are "main perpetrators" of the fraud. Although the presiding judge did not enter default judgment against these Defendants on Plaintiffs' RICO claims, Plaintiffs argue these Defendants should be liable jointly and severally for $651,403 in attorneys' fees

Plaintiffs incurred in prosecuting the main action.  *See* MPA at 8-9 ("It is appropriate for the Court to award the fees and costs jointly against all the main perpetrator and sham entity defendants since their initial scheme was the lynch-pin to all the additional litigation required in this matter."), *see also id*. at 3-4 (defining Main Perpetrators and Sham Entities).  On what *legal* basis do Plaintiffs seek to recover attorneys' fees from these Defendants?  The Court is in no better position to "determine . . . whether all individual Defendants should be held liable for the full amount of any award the District Court grants" (First R&R at 3) than it was when it recommended the presiding judge deny the Motion without prejudice.

Plaintiffs shall file a response to the foregoing questions by November 1, 2016.

**IT IS SO ORDERED.**

Dated: October 18, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge