**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, ET AL.,<br><br>    Plaintiffs,<br><br>vs.<br><br>JAMES C. CASTLE AKA J. CHRISTOPHER CASTLE, *ET AL.*,<br><br>    Defendants. | **Case No.: 11-CV-896 YGR**<br><br>**ORDER GRANTING IN PART MOTION TO AMEND JUDGMENT, ASSIGNING RIGHTS TO PAYMENT, OR FOR CHARGING ORDER**<br><br>**DKT. NO. 994** |

Presently before the Court is the motion of plaintiff Fidelity National Title Insurance Company to Amend Judgment and for Order Assigning Rights to Payment, and in the Alternative, a Charging Order (Dkt. No. 994). The Court, having carefully considered the arguments and authorities offered by plaintiff, **GRANTS** the motion to amend the judgment to name CJT Financial Group a judgment debtor as the alter ego of defendant James C. Castle, aka J. Christopher Castle.

**I.  RELEVANT AUTHORITY**

Rule 69(a) of the Federal Rules of Civil Procedure provides that:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a), *see also In re Levander*, 180 F.3d 1114, 1120 (9th Cir.1999) (stating that Fed.R.Civ.P. 69(a) "empowers federal courts to rely on state law to add judgment-debtors"). Thus, the Court here looks to California law regarding execution on a money judgment with regard to proper procedures. California courts have interpreted section 187 of the California Code of Civil

Procedure to mean that a court may use "all the means necessary" to carry its jurisdiction into effect, including adopting suitable procedures for determining the "identity and character of the defendant upon whom the judgment [is] binding." *Thomson v. L. C. Roney & Co.*, 112 Cal. App. 2d 420, 427 (1952) (citing Cal. Code Civ. Proc. § 187). "Under some circumstances a judgment against a corporation may be amended to add a nonparty alter ego as a judgment debtor . . . based on the theory that the court is not amending the judgment to add a new defendant but is merely inserting the correct name of the real defendant." *Leek v. Cooper*, 194 Cal. App. 4th 399, 419 (2011) (internal citations and quotations omitted). The decision to modify the judgment is a matter of the trial court's discretion. *Greenspan v. LADT, LLC*, 191 Cal. App. 4th 486, 508 (2010). "In the case of default judgments, the application of the alter ego doctrine is subject to a limitation arising from considerations of due process." *Wolf Metals Inc. v. Rand Pac. Sales, Inc.*, 4 Cal. App. 5th 698, 703 (2016).

## II.   RELEVANT FACTS[1]

The record here indicates that, in July 2011, defendant James C. Castle, aka J. Christopher Castle, opened an account with Bank of America under the name of CJT Financial Group, an unincorporated association. (*See* Declaration of Karen A. Ragland ("Ragland Decl."), Dkt. No. 994-2 at ¶ 3; Exh. 1.) CJT Financial Group was also named as a defendant in this action.

Castle executed a business signature card with Bank of America in his capacity as "Assistant Manager." (*Id.*)[2] The record indicates that the amount on deposit in this account was approximately $272,900.00. (*Id.*, Exh. 2.) In December 2011, the Court issued a Preliminary Injunction Order that froze the money in the CJT Financial Group account, among others. (*Id.*, Exh. 2.)

On March 18, 2014, Castle filed a declaration in support of a motion to pay fees and expenses to his counsel from the assets previously frozen in the litigation, including the funds in the CJT Financial Group account. (*Id.*, Exh. 3.) He averred that he was one of the members of CJT Financial

---

[1] The record here is extensive. The Court notes only those facts relevant to the motion at issue.

[2] Defendant and judgment debtor Tisha Trites also signed the business signature card in her capacity as "General Manager Secretary" of CJT Financial Group. (*Id.*)

2

Group and familiar with the source of the funds in the account, which were "deposited from a single real estate transaction outside California that is unrelated to the properties and transactions that are sued upon in this action." (*Id.*)  The Court ultimately denied the motion to pay fees from the frozen assets in the CJT Financial Group account.  (Dkt. No. 672.)

On March 21, 2014, a default was entered as to defendant CJT Financial Group.  (Dkt. No. 639.)  However, plaintiffs never sought a default judgment against CJT Financial Group.

On February 2, 2017, the Court entered its Judgment against Castle in the total amount of $13,514,271.12, which includes prejudgment interest and attorney's fees.  (Dkt. No. 976, Ragland Decl., Exh. 4.)

## III.    DISCUSSION

Recent California law permits a court to amend a judgment to add a third party entity as an alter ego of a natural person judgment debtor.  *Curci Investments, LLC v. Baldwin*, 14 Cal. App. 5th 214, 222-24 (2017).  Amendment to name CJT, an unincorporated association, is distinguishable from an amendment to name a corporation as an alter ego entity for an individual judgment debtor, which earlier California authority rejected as abuse of the corporate form.  *Cf. Postal Instant Press, Inc. v. Kaswa Corp.*, 162 Cal. App. 4th 1510, 1520-24 (2008).  Moreover, because CJT Financial Group was named as a defendant in this action, was served with process, and was defaulted, the Court finds that amending the judgment to add CJT Financial Group as an alter ego of Castle comports with due process considerations.  Accordingly, the Court **GRANTS** the motion to amend the judgment to name CJT Financial Group as a judgment debtor alter ego of defendant James C. Castle, aka J. Christopher Castle.

The Court, in exercise of its equitable powers, and in light of the judgment debtor's extensive fraudulent conduct, **ORDERS** that plaintiff Fidelity may levy execution on the funds in the CJT Financial Group bank account with Bank of America (account ending in 3370).  *See* Cal. Corp. Code §18270(a) and Law Revision Commission Comment thereto (judgment creditor of member of unincorporated association may levy execution to assets of member to satisfy a judgment where judgment also obtained against unincorporated association, under certain circumstances, including where "grant of permission is an appropriate exercise of the court's equitable powers").

The remainder of the motion is **DENIED WITHOUT PREJUDICE** to a showing that the order herein permitting it to levy execution is not sufficient to reach the funds in the account.

**IT IS SO ORDERED.**

This terminates Docket No. 994.

**Dated:**  January 22, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**